THE YODER COMPANY v LIBERTY MUTUAL INSURANCE
COMPANY

Docket No. 78-723. Submitted May 15, 1979, at Detroit.—Decided
September 6, 1979.

Liberty Mutual Insurance Company paid certain workmen's compensation benefits as a result of the death of Daniel Maddux,
who was killed when he was caught in a metal slitting machine
designed and manufactured and sold to his employer by The
Yoder Company. Liberty Mutual and the estate of Maddux
allied in a product liability action against The Yoder Company.
Yoder entered a counterclaim for contribution against Liberty
Mutual alleging that Liberty Mutual's negligently performed
safety inspections were a contributing cause of Maddux's death.
The claim and counterclaim were severed for separate trials.
Liberty Mutual and the estate of Maddux prevailed in the
product liability action. Yoder obtained a judgment in the trial
of its contribution claim. Defendant Liberty Mutual moved for
judgment *non obstante veredicto.* The motion was granted,
Wayne Circuit Court, John D. O'Hair, J. Plaintiff appeals. On
appeal, Liberty Mutual, having had an unfavorable result from
the trial jury, argues that no state of proofs may support a
judgment in favor of the plaintiff because the claim for contribution is not one upon which relief may be granted. Liberty
Mutual's contentions are based upon the Restatement of Torts,
Second Edition. According to Liberty Mutual, the restatement
should be interpreted by application of the maxim, *expressio
unius est exclusio alterius,* reasoning that the express creation
of a cause of action in favor of the third person acts to prevent
application of ordinary principles of contribution. *Held:*

1. The Restatement of Torts is not a statute but a treatise, an
attempt to categorically recite the content of the common law.

REFERENCES FOR POINTS IN HEADNOTES
[1] 57 Am Jur 2d, Negligence § 67.
[2] 73 Am Jur 2d, Statutes §§ 325-332.
[3] 46 Am Jur 2d, Judgments §§ 107, 108.
    Practice and procedure with respect to motions for judgment notwithstanding or in default of verdict under Federal Civil Procedure Rule 50(b) or like state provisions. 69 ALR2d 449.

Use of statutory interpretation techniques in the construction of the Restatement language, which is not produced by the legislative process, is not advisable. The authority which should be used is not the Restatement per se but the cases in this jurisdiction which have adopted and explained those provisions. Case authority holds that an employee injured by a hazard at his workplace may bring an action against his employer's workmen's compensation insurer on the claim that the insurer's negligent inspection of the workplace was a cause of the injury.

2. Judgment *non obstante veredicto* is appropriate only if the movant is entitled to judgment as a matter of law; where reasonable minds could differ, a jury's verdict should not be ignored. Reasonable minds could differ where it cannot be said upon review of the record that Maddux's employer did not rely on its insurer's inspections or that the insurer did not undertake to perform the employer's role of safety monitor. The trial court erred in granting defendant's motion.

Judgment vacated and cause remanded for entry of judgment on the jury's verdict.

1. NEGLIGENCE — GRATUITOUS UNDERTAKINGS — THIRD PERSONS — DUE CARE — RELIANCE.

A person who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if (1) his failure to exercise reasonable care increases the risk of harm, or (2) he has undertaken to perform a duty owed by the other to the third person, or (3) the harm is suffered because of reliance of the other or third person upon the undertaking.

2. COURTS — CASE PRECEDENT — LEGAL PRECEDENT — RESTATEMENT OF LAW — CONSTRUCTION.

The Restatement of the Law is not a statute, but an attempt to categorically recite the content of the common law; therefore, use of statutory interpretation techniques in the construction of the Restatement's language, which is not produced by the legislative process, is not advisable.

3. JUDGMENT — JUDGMENT NOTWITHSTANDING THE VERDICT — EVIDENCE — INFERENCES — REASONABLE MINDS — JURY VERDICTS.

Judgment *non obstante veredicto* is appropriate only when the evidence and the inferences to be drawn from it, viewed in the

light most favorable to the opponent of the motion, entitle the movant to judgment as a matter of law; only when reasonable minds could not differ in the conclusion favorable to the movant may a jury's verdict be ignored.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *John P. Jacobs*), for plaintiff.

*Garan, Lucow, Miller, Lehman, Seward & Cooper,* and *Gromek, Bendure & Thomas,* for defendant.

Before: N. J. KAUFMAN, P.J., and ALLEN and K. B. GLASER, JR.,* JJ.

PER CURIAM. Daniel Maddux was killed in 1970 when he was caught in a metal slitting machine designed and manufactured and sold to his employer by the counter-plaintiff-appellant (hereinafter plaintiff). Counter-defendant-appellee (hereinafter defendant) paid certain workmen's compensation benefits as a result of the death, and it and the estate of Maddux allied in an action in product liability against the plaintiff. The plaintiff entered a counterclaim for contribution against the defendant under the provisions of MCL 600.2925; MSA 27A.2925, now MCL 600.2925a(1); MSA 27A.2925(1), alleging that the defendant's negligently performed safety inspections were a contributing cause of the death and the ensuing judgment against the plaintiff.

The claim and counterclaim were severed for separate trials. The defendant and the estate of Maddux were successful, recovering from the plaintiff a sum which was divided in accordance with the applicable statutes.

The plaintiff prevailed in the trial of its contri-

* Circuit judge, sitting on the Court of Appeals by assignment.

bution claim, recovering from the defendant an amount equal to approximately one-half of the judgment in favor of the defendant and the estate. Upon the defendant's motion, the trial judge granted judgment for the defendant *n.o.v.* The plaintiff brings this appeal as of right.

Having had an unfavorable result from the jury, the defendant argues on appeal that no state of proofs may support a judgment in favor of the plaintiff because the claim for contribution based upon negligent inspection is not one upon which relief may be granted. The defendant's arguments center on suggested statute-like interpretations of 2 Restatement Torts, 2d, § 324A, p 142, upon which it claims its liability is based. The defendant recognizes, of course, that the authority for this action is not the Restatement per se, but the cases in this jurisdiction which have adopted and explained those provisions.

An employee injured by a hazard at his workplace may bring an action against his employer's workmen's compensation insurer on the claim that the insurer's negligent inspection of the workplace was a cause of the injury. *Olkowski v Aetna Casualty & Surety Co,* 53 Mich App 497; 220 NW2d 97 (1974), *aff'd* 393 Mich 758; 223 NW2d 296 (1974).[1]

*Olkowski* adopted the section of the Restatement at issue in this action:

"One who undertakes gratuitously or for consideration to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third

---

[1] This cause of action was cut off by legislative action in 1972, amending MCL 418.131; MSA 17.237(131). That amendment does not control the liabilities arising from this accident.

person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, *if*

(a) his failure to exercise reasonable care increases the risk of such harm, *or*

(b) he has undertaken to perform a duty owed by the other to the third person, *or*

(c) the harm is suffered because of reliance of the other or the third person upon the undertaking." 2 Restatement Torts, 2d, § 324A, p 142.

The defendant argues that the Restatement should be interpreted by application of the maxim, *"expressio unius est exclusio alterius,"* reasoning that the express creation of a cause of action in favor of the "third person" (here, Mr. Maddux) acts to prevent application of ordinary principles of contribution. The Restatement is not a statute, but an attempt to categorically recite the content of the common law. Use of statutory interpretation techniques in the construction of language not produced by the legislative process does not seem advisable. In any event, we note that this Court has recognized the application of § 324A in a contribution action similar to the one at bar in *Stafford v E W Bliss Co,* 86 Mich App 197; 272 NW2d 237 (1978).

The plaintiff's claim asserted only the bases of liability described in subsections (b) and (c) of § 324A. In hearing the defendant's motion for directed verdict, the trial court observed:

"I'm going to take the Motion under advisement for these reasons; I think the Motion has merit. I do not believe in my judgment and in evaluation of the record, the document *[sic* doctrine] of favorable view, that Liberty Mutual by providing services specifically in the form of recommendations to the Wolverine Company, increased the risk of hazard to employees in total or in part, assuming that the actual discharge of Wolverine's

duty to its employees to provide a safe place to work, or that Wolverine relied exclusively upon its insurance carrier to provide direction as to what was necessary to obviate hazards."

\* \* \*

"In the event that the Motion is not mooted by they *[sic]* jury's verdict, I'm telling you that I will grant it and in so telling you I hope that I do not diminish the vigor with which you will pursue the matter, that is the one danger I see in making a declaration of this character."

Judgment *n.o.v.* is appropriate only when the evidence and the inferences to be drawn from it, viewed in the light most favorable to the opponent of the motion, entitle the movant to judgment as a matter of law. Only when reasonable minds could not differ in the conclusion favorable to the movant may the jury's verdict be ignored. See *Andrews v Insurance Company of North America,* 60 Mich App 190; 230 NW2d 371 (1975). A review of the record indicates that the trial court erred in granting the defendant's motion.

The relations between the defendant and the employer of Maddux were the subject of considerable and varied testimony. Of particular interest was the nature of the employer's own safety program; there is evidence to indicate both that the employer had no organized program and that its supervisory employees were charged with the duty to observe safety problems in the facility. The defendant's employees made numerous inspection tours of the plant and on occasion made recommendations to the employer concerning safety problems therein. There was testimony that the employer's practice was to rely on the defendant's inspections in place of an internal safety program. On this record, it cannot be said that the employer

did not rely on the defendant's inspections or that the defendant did not undertake to perform the employer's role of safety monitor.

The judgment is vacated and the cause remanded for entry of judgment on the jury's verdict.