SISSON v BOARD OF REGENTS OF THE UNIVERSITY OF MICHIGAN

Docket No. 96667. Submitted December 9, 1987, at Detroit. Decided February 21, 1989. Leave to appeal applied for.

Clyde M. Sisson was discharged from his employment as a plumber by the University of Michigan after he was found to have taken a box of plastic garbage bags belonging to the university. The university also signed a criminal complaint against Sisson which ultimately led to a plea of nolo contendere to the criminal offense. Following an unsuccessful effort to secure redress by means of a complaint with the Michigan Department of Civil Rights, Sisson brought a job discrimination action under the Michigan and federal civil rights acts in Washtenaw Circuit Court, naming the Board of Regents of the University of Michigan as defendant. Plaintiff alleged disparate treatment because of race. Defendant moved for summary disposition, submitting in support of the motion a three-page list, identified by race and department, of persons who had been discharged for theft and also submitted a list of employees who had been prosecuted for theft. Plaintiff responded with the citation of three instances where similarly situated white employees who had been charged with theft had not been discharged or prosecuted. The trial court, Patrick J. Conlin, J., granted defendant's motion, holding that plaintiff failed to establish a prima facie case and that defendant had merely enforced a reasonable nondiscriminatory, nondisparate rule. Plaintiff appealed.

The Court of Appeals held:

1. The trial court erred in holding that plaintiff had failed to establish a prima facie case. Since plaintiff is a member of a protected class and he made a sufficient showing that others who were similarly situated but who were not of the protected class had received preferential treatment to raise a question of

REFERENCES

Am Jur 2d, Job Discrimination §§ 877-884.

Race discrimination in labor and employment—Supreme Court cases. 28 L Ed 2d 928.

fact as to disparate treatment, plaintiff had established a prima facie case.

2. Summary disposition in favor of defendant, nevertheless, was properly granted by reason of the fact that the defendant's policy of discharge of employees guilty of theft is a legitimate employment policy and plaintiff has made no adequate showing that defendant's proffered reason for his discharge was a mere pretext for racial discrimination.

Affirmed.

1. CIVIL RIGHTS — EMPLOYMENT DISCRIMINATION — BURDEN OF PROOF.

The plaintiff in an employment discrimination action has the burden of proving by the preponderance of the evidence a prima facie case of discrimination; if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason why the plaintiff was rejected, or someone else preferred; should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

2. CIVIL RIGHTS — EMPLOYMENT DISCRIMINATION — RACIAL DISCRIMINATION — DISPARATE TREATMENT.

The plaintiff in an employment discrimination action based on a claim of disparate treatment because of race can establish a prima facie case of discrimination by showing that he is a member of a class protected by the Civil Rights Act and that, for the same or similar conduct, he was treated differently than one who was a member of a different race.

3. CIVIL RIGHTS — EMPLOYMENT DISCRIMINATION — PRETEXT FOR DISCRIMINATION.

The plaintiff in an employment discrimination action may demonstrate that the employer's asserted reason for the action giving rise to plaintiff's claim was a mere pretext for discrimination by either a direct showing that a discriminatory reason motivated the employer or by showing that the proffered reason is not worthy of credence.

*Lawrence D. Hochman,* for plaintiff.

*Butzel, Long, Gust, Klein & Van Zile* (by *Robert M. Vercruysse, Carey A. DeWitt* and *Barbara T. Pichan*), for defendant.

Before: Michael J. Kelly, P.J., and MacKenzie and P. D. Schaefer,* JJ.

P. D. Schaefer, J. Plaintiff, Clyde M. Sisson, filed a complaint in the Washtenaw Circuit Court alleging race discrimination in violation of the Michigan Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.* Plaintiff also alleged violation of the federal civil rights act, 42 USC 1983. The trial court granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(10). Plaintiff appeals as of right. We affirm.

Plaintiff, a black man, began employment with the University of Michigan in 1970 and worked as a plumber until 1983, when he was discharged for theft of university property. During his 12½ years of employment, his record was unblemished except for a single letter of reprimand issued in 1973. In February, 1983, plaintiff's employment was terminated after he took a box of plastic garbage bags belonging to the university. In addition to the discharge, defendant also signed a criminal complaint against plaintiff. Plaintiff pled nolo contendre to the offense.

Plaintiff initially filed charges with the Michigan Department of Civil Rights. When the department's efforts at conciliation failed to secure a settlement, the department referred the case to the Attorney General's office for issuance of a charge of discrimination and public hearing. The Attorney General's office declined to issue a charge and the Department of Civil Rights dismissed plaintiff's complaint.

Plaintiff then filed the instant action against defendant alleging race discrimination under the Civil Rights Act and 42 USC 1983. Following the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

close of discovery, defendant moved for summary disposition pursuant to MCR 2.116(C)(8) and (10). Defendant claimed that plaintiff had failed to establish a prima facie case of race discrimination and, in the alternative, that defendant had legitimately enforced a nondiscriminatory policy of discharge for theft. In support of its motion, defendant submitted a three-page list of university employees identified by race and department who had also been discharged for theft. Defendant also submitted a list of university employees who had been prosecuted for theft. In response, plaintiff cited at least three instances of disparate treatment: similarly situated white employees who had been charged with theft who had not been discharged or prosecuted.

Following the hearing, the trial court entered an order granting defendant's motion and dismissing plaintiff's claim pursuant to MCR 2.116(C)(10). The court found that plaintiff had failed to establish a prima facie case and further that defendant had merely enforced a "reasonable, non-discriminatory, non-disparate rule." The sole issue now on appeal is whether the trial court erred in granting defendant's motion.

A motion for summary disposition brought pursuant to MCR 2.116(C)(10) asserts that there is a lack of a genuine issue of material fact. In ruling on the motion, the trial court must consider the affidavits, pleadings, depositions, admissions, and other documentary evidence submitted to determine whether there is factual support for the claim. MCR 2.116(G)(5); *Weeks v Bd of Trustees, Detroit General Retirement System,* 160 Mich App 81; 408 NW2d 109 (1987); *Linebaugh v Berdish,* 144 Mich App 750, 754; 376 NW2d 400 (1985).

The opposing party has the burden of showing that a genuine·issue of disputed fact exists. *Fulton*

*v Pontiac General Hospital,* 160 Mich App 728, 735; 408 NW2d 536 (1987). The test is whether, giving the benefit of all reasonable doubt to the opposing party, the kind of record which might be developed would leave open an issue upon which reasonable minds might differ. *Linebaugh, supra.* This Court is liberal in finding that a genuine issue of material fact exists. *Rizzo v Kretschmer,* 389 Mich 363; 207 NW2d 316 (1973).

In the present case, plaintiff asserted claims of employment discrimination under both the Michigan Civil Rights Act and 42 USC 1983. The burden of proof in employment discrimination cases brought under Title VII of the Civil Rights Act of 1964, 42 USC 2000e *et seq.,* was stated in *Texas Dep't of Community Affairs v Burdine,* 450 US 248, 252-253; 101 S Ct 1089; 67 L Ed 2d 207 (1981):

> First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." . . . Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

The same standard has been adopted in employment discrimination cases brought under the Michigan Civil Rights Act. *Jenkins v Southeastern Michigan Chapter, American Red Cross,* 141 Mich App 785; 369 NW2d 223 (1985). In a disparate treatment case, the plaintiff can establish a prima facie case of discrimination by showing (1) that he was a member of the class entitled to protection

under the act, and (2) that, for the same or similar conduct, he was treated differently than one who was a member of a different race. *Jenkins, supra.*

In the present case, there is no doubt that Sisson, a black male, is a member of a protected class. As to the second prong of the test, plaintiff has asserted that he was more severely disciplined than white employees who engaged in similar misconduct. In support of his position, plaintiff has identified three white co-workers who were also accused of theft but were not discharged. Defendant contends that the three white employees worked in different departments and hence were not similarly situated and further that the three emloyees did not receive dissimilar treatment. We find both of defendant's arguments unpersuasive.

Although the white employees worked in different departments under different supervisors, this alone will not preclude a finding of dissimilar treatment. The law requires only that the co-workers have similarity, not identity, in place and time. Moreover, defendant's argument is disingenuous when viewed in terms of the list of employees it submitted to support its own position as that list included discharged employees from numerous departments between 1979 and the present.

Defendant's argument that the white employees received similar treatment is equally unpersuasive. While one employee was originally discharged for theft, he was subsequently rehired. A second white employee was allowed to retire after stealing from the university and a third was given a disciplinary suspension. It is not clear that any of these alternatives were made available to plaintiff, nor is it apparent on the evidence provided that the misconduct of the white employees was so different from plaintiff's as to warrant dissimilar treatment. While a factfinder may ultimately de-

cide these questions in favor of defendant, it is not an appropriate issue for summary judgment. Plaintiff has presented a question of fact as to whether he was similarly situated to the three white employees and as to the dissimilarity of his treatment. The trial court erred in finding that plaintiff had failed to establish a prima facie case.

Our review does not end here, however, since, once plaintiff established his prima facie case, the burden shifted to defendant to articulate a legitimate, nondiscriminatory reason for the discharge. Defendant readily met this burden since it is undisputed that plaintiff committed the theft. Once defendant presented its reason, plaintiff was required to put forth evidence to raise a triable issue of fact as to whether the proffered reason was a mere pretext. *Clark v Uniroyal Corp,* 119 Mich App 820; 327 NW2d 372 (1982).

Plaintiff may establish pretext by either a direct showing that a discriminatory reason motivated the employer or by showing that the proffered reason is not worthy of credence. *Clark, supra; Jenkins, supra.* Here, however, plaintiff was unable to offer any evidence beyond his own conclusory allegations that defendant's employment policy was a pretext. He was unable to point to other instances of discrimination directed against him or any evidence of discriminatory motive. Moreover, he has failed to present any evidence to cast doubt on the genuineness of defendant's proffered employment policy.

On the other hand, defendant has articulated an employment policy that is unquestionably legitimate. In addition, defendant presented affidavits and exhibits demonstrating that over one hundred university employees had been terminated for theft, the majority of whom were white. Even

when the above evidence is viewed in a light most favorable to plaintiff, we are convinced that plaintiff's claim of pretext lacks evidentiary support. We conclude that plaintiff failed to raise a triable issue of fact as to whether defendant's proffered reason was a mere pretext for racial discrimination. Therefore, summary judgment was appropriate.

Affirmed.