JERNIGAN v GENERAL MOTORS CORPORATION

Docket Nos. 105553, 106661. Submitted December 21, 1988, at Lansing. Decided October 16, 1989. Leave to appeal applied for.

Rosa Jernigan, a black woman formerly employed by the Central Foundry Division of General Motors Corporation, brought in the Saginaw Circuit Court an action against General Motors, alleging unlawful discrimination on the basis of race and gender. Plaintiff rejected a mediation evaluation and the subsequent jury trial resulted in a verdict of no cause of action. The court, Joseph R. McDonald, J., entered a judgment consistent with the verdict, denied plaintiff's motions for a new trial or a judgment notwithstanding the verdict, and awarded to defendant, as a sanction for plaintiff's rejection of the mediation evaluation, its costs and attorney fees. Plaintiff appealed.

The Court of Appeals *held:*

1. The trial court erred when instructing the jury with regard to plaintiff's burden of proof by giving the instructions proposed by defendant rather than SJI 105.04, which plaintiff requested. However, reversal is not in order since the instructions, taken as a whole, fairly presented to the jury the parties' theories and the applicable law, and failure to set aside the verdict would not be inconsistent with substantial justice.

2. The trial court did not err in refusing to admit into evidence a letter, written by defendant's personnel director to plaintiff after her employment terminated, indicating measures taken to lessen discrimination subsequent to the filing of plaintiff's action. The trial court properly ruled that such evidence was inadmissible pursuant to the rule of evidence relating to subsequent remedial measures.

3. The trial court did not abuse its discretion in refusing to allow plaintiff to present at trial certain witnesses not listed by

REFERENCES

Am Jur 2d, Appeal and Error §§ 891, 894; Attorneys at Law §§ 277 *et seq.*; Evidence § 273; Job Discrimination §§ 57 *et seq.*, 2292, 2498; Judgments § 108; New Trial § 372; Trial § 589; Witnesses § 4.

See the Index to Annotations under Appeal and Error; Equal Employment Opportunity; Evidence; Instructions to Jury; Judgment Notwithstanding Verdict; New Trial; Witnesses.

plaintiff on her witness list. Plaintiff failed to show good cause for her failure to list the witnesses or, as suggested by the trial court, make a separate record demonstrating the importance of the witnesses' testimony.

4. The trial court did not err in denying plaintiff's motions for a new trial or a judgment notwithstanding the verdict. The verdict was not against the great weight of the evidence presented since defendant effectively rebutted plaintiff's prima facie showing of racial or sexual discrimination.

5. The trial court did not abuse its discretion in awarding defendant's attorney fees. Plaintiff presented no evidence in support of her claims that the hourly rates charged by defendant's attorney were unreasonable and that the attorney billed for duplicated or repeated services.

Affirmed.

V. L. WASHINGTON, J., dissented and would reverse, opining that the trial court's jury instruction on plaintiff's burden of proof misstated the law, the trial court's preclusion of plaintiff's witnesses was not supported by a showing of prejudice to defendant should those witnesses testify, the letter from defendant's personnel director to plaintiff was admissible under the hearsay exception for admissions by party-opponents, and the trial court, when awarding defendant's attorney fees, should have determined a reasonable fee based on the particular facts of the case and community legal practice.

1. TRIAL — STANDARD JURY INSTRUCTIONS — APPEAL.

In civil actions, the failure of the trial court to give an accurate, applicable, and properly requested Standard Jury Instruction should not result in automatic reversal on appeal; a jury verdict should be vacated only where the failure to do so would be inconsistent with substantial justice (MCR 2.516).

2. CIVIL RIGHTS — EMPLOYMENT DISCRIMINATION — RACE — GENDER.

The plaintiff in an employment discrimination action based on a claim of disparate treatment because of race and gender can establish a prima facie case of discrimination by showing that she is a member of a class protected by the Civil Rights Act and that, for the same or similar conduct, she was treated differently than one who was of a different race and gender (MCL 37.2101 et seq.; MSA 3.548[101] et seq.).

3. TRIAL — JURY INSTRUCTIONS — APPEAL.

On appeal, jury instructions are read as a whole and reversal is not required if the theories of the parties and the applicable law were fairly presented to the jury.

4. CIVIL RIGHTS — EMPLOYMENT DISCRIMINATION — EVIDENCE — SUBSEQUENT REMEDIAL MEASURES — RULES OF EVIDENCE.

In an action for employment discrimination, evidence of a letter from the employer to the employee written subsequent to the commencement of the action and indicating that measures have been taken to lessen discrimination is inadmissible, under the rule of evidence relating to subsequent remedial measures, as proof of culpable conduct (MRE 407).

5. TRIAL — WITNESS LISTS.

A trial court's decision to allow a witness, who was not listed on the witness list prior to trial, to testify at trial is a matter of discretion and will not be reversed on appeal absent an abuse of discretion.

6. NEW TRIAL — APPEAL.

The grant or denial of a new trial on the basis that the verdict is against the great weight of the evidence is a matter within the trial court's discretion and will not be reversed on appeal absent an abuse of discretion.

7. JUDGMENTS — JUDGMENT NOTWITHSTANDING THE VERDICT — EVIDENCE.

A judgment notwithstanding the verdict is appropriate only when the evidence and the inferences to be drawn from it, viewed in the light most favorable to the opposing party, entitle the moving party to judgment as a matter of law; only when reasonable minds could not differ in the conclusion favorable to the moving party may the jury's verdict be ignored.

8. COSTS — ATTORNEY FEES — APPEAL.

An award of attorney fees will be upheld by the Court of Appeals absent an abuse of the trial court's discretion.

9. COSTS — ATTORNEY FEES — REASONABLENESS.

Factors to be taken into consideration in determining the reasonableness of attorney fees include, but are not limited to, the following: (1) the professional standing and experience of the attorney; (2) the skill, time, and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client.

*Davidson, Breen & Doud, P.C.* (by *Craig A. Zanot*), for plaintiff.

*Clark, Hardy, Lewis, Pollard & Page, P.C.* (by *Thomas A. Cattel* and *Neil H. Goodman*), for defendant.

Before: MICHAEL J. KELLY, P.J., and GRIBBS and V. L. WASHINGTON,* JJ.

MICHAEL J. KELLY, P.J. Rosa Jernigan appeals from a jury verdict of no cause of action in this employment discrimination case. Plaintiff also appeals from the circuit court's denial of her motions for a new trial or judgment non obstante veredicto, and from the court's award of attorney fees to defendant under MCR 2.403. We affirm.

Plaintiff sued defendant, Central Foundry Division of General Motors Corporation, for employment discrimination under the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.* Plaintiff, a black woman, was hired as a sixth level workers' compensation adjuster at defendant's Saginaw Malleable Iron Plant in October of 1977. Plaintiff's complaint alleged numerous incidents of disparate treatment by defendant due to her race and gender, mainly in the way that she was treated by her supervisors and in denying her requests for promotion or cross-training. Cross-training involved an exchange of jobs between employees to broaden their work experience. Defendant evaluated the performance of its salaried employees annually. Plaintiff's performance appraisals from 1979 to 1981 rated her work at the highest possible rating. Plaintiff resigned from her job in August of 1982, claiming that she had been constructively discharged.

Plaintiff's complaint alleged that five white men in the department where she worked had been cross-trained, transferred, or promoted. She al-

* Circuit judge, sitting on the Court of Appeals by assignment.

leged that she had been discriminated against and that she was not considered for or was passed over for promotion or cross-training while other white or male employees were advanced, and that she was denied promotion due to her race and gender.

Defendant argued that plaintiff did not seek promotion or cross-training until October of 1979, when defendant reduced its salaried work force due to an economic downturn in the auto industry. Defendant maintained that none of the five white male employees mentioned by plaintiff were similarly situated with plaintiff because those employees were at least seventh level employees as of October, 1979, and had all been cross-trained, transferred, or promoted prior to defendant's reduction of its salaried work force.

After a four-day jury trial, the jury found in defendant's favor. The circuit court entered a judgment of no cause of action against plaintiff and denied plaintiff's motion for a new trial or judgment notwithstanding the verdict. Following the verdict in its favor, defendant moved for an award of costs and attorney fees pursuant to MCR 2.403. The circuit court awarded defendant costs of $155.55 and attorney fees of $25,110.

I

Plaintiff first argues that the circuit court committed error requiring reversal by using defendant's proposed jury instruction instead of SJI 105.04, which was requested by plaintiff. We disagree. MCR 2.516(D)(2) provides:

Pertinent portions of the Michigan Standard Jury Instructions (SJI) must be given in each action in which jury instructions are given if
(a) they are applicable,

(b) they accurately state the applicable law, and
(c) they are requested by a party.

In *Johnson v Corbet,* 423 Mich 304, 325-327; 377
NW2d 713 (1985), our Supreme Court noted that
the Standard Jury Instructions should be used
when requested, as required by MCR 2.516(D)(2),
but that a jury verdict should be vacated "only
when the failure to comply with MCR 2.516
amounts to an 'error or defect' in the trial so that
failure to set aside the verdict would be inconsis-
tent with substantial justice."

SJI 105.04, as applied to plaintiff's case, would
read:

Plaintiff has the burden of proving that: (a)
defendant failed to promote and/or failed to train
the plaintiff and (b) race/color and/or sex was one
of the motives or reasons which made a difference
in determining to fail to promote and/or failing to
train the plaintiff.

Your verdict will be for the plaintiff if you find
that defendant failed to promote and/or failed to
train the plaintiff and that race, color and/or sex
was one of the motives or reasons which made a
difference in determining to fail to promote and/or
train the plaintiff.

Your verdict will be for the defendant if you find
that defendant did not fail to promote and/or fail
to train the plaintiff. Your verdict will also be for
the defendant if you find that defendant did fail to
promote and/or fail to train the plaintiff, but that
race, color and/or sex was not one of the motives
or reasons which made a difference in determining
to fail to promote and/or fail to train the plaintiff.

Rather than read SJI 105.04 to the jury verbatim,
the court gave the following instruction, which
had been requested by defendant:

The plaintiff has the burden of proving that

similarly situated white or male employees were
promoted or cross-trained or treated differently
during the period plaintiff sought promotions and
cross-training, and that plaintiff's race, color or sex
was one of the motives or reasons which made a
difference in determining not to promote or cross-
train the plaintiff, or in her treatment by the
defendant.

Your verdict will be for the plaintiff, Rosa Jerni-
gan, if you find that similarly situated white or
male employees were promoted or cross-trained or
treated differently during the period plaintiff
sought promotions and cross-training and that
plaintiff's race, color or sex was one of the motives
or reasons which made a difference in determining
not to promote or cross-train her or in her treat-
ment by the defendant.

Your verdict will be for the defendant if you find
that similarly situated white or male employees
were not promoted or cross-trained during the
period plaintiff sought promotion and cross-train-
ing, or treated differently, or that plaintiff's race,
color or her sex did not make a difference in
determining whether or not to promote or cross-
train the plaintiff or in her treatment by the
defendant.

Plaintiff argues that the trial court's jury in-
struction placed an additional burden of proof on
plaintiff and misstated the law, so the jury's ver-
dict must be overturned. We agree that the in-
struction was erroneous, but disagree that reversal
is required. At trial the parties agreed that SJI
105.04 was applicable. Since the instruction as
drafted requires completion, each party proposed
its version of a completed instruction based upon
the nature of plaintiff's claim.

Plaintiff's complaint alleged that defendant dis-
criminated against her on the basis of her race
and gender by disparate treatment. To establish a
prima facie case, plaintiff must show that she was

a member of a class entitled to protection under the civil rights statute, and that, for the same or similar conduct, she was treated differently due to her race or gender. *Sisson v Bd of Regents of the University of Michigan,* 174 Mich App 742, 746-747; 436 NW2d 747 (1989); *Pomranky v Zack Co,* 159 Mich App 338, 343; 405 NW2d 881 (1987). Thus, plaintiff had the burden of proving that defendant failed to promote or cross-train her and that her race and gender were among the reasons which made a difference in defendant's failure to promote or cross-train her. Under the instruction given, the jury was correctly told that plaintiff had the burden of showing that defendant treated her differently than other similarly situated employees but the jury was erroneously told that plaintiff alternatively had the burden of proving that white or male employees were promoted or cross-trained during the same period plaintiff sought promotion or cross-training. Since from our review of the record there was no evidence of disparate treatment and plaintiff's proofs focused on seventh level employees, not her own sixth level, we find any error harmless beyond a reasonable doubt. *Johnson v Corbet, supra.*

We conclude that this misstatement does not require reversal. Jury instructions must be read as a whole; reversal is not required if the parties' theories and applicable law were fairly presented to the jury. *Solomon v Shuell,* 166 Mich App 19, 27; 420 NW2d 160 (1988). A reading of the jury instructions in their entirety, in the context of the facts of plaintiff's case and plaintiff's theories, convinces us that any error was harmless. It appears that the trial court did fairly present the parties' theories and applicable law to the jury. We do not believe that the jury was unduly confused by this instruction or would have reached a

different result had the court merely read SJI 105.04 straight from the book. Failure to set aside the jury's no cause verdict would not be inconsistent with substantial justice.

II

Plaintiff claims that the trial court committed error requiring reversal by excluding from evidence a letter sent to plaintiff after plaintiff's resignation by Richard O'Brien, General Motors' Director of Worldwide Personnel Administration. The court excluded this letter under MRE 407 because it contained references to subsequent remedial measures which plaintiff proposed to use to prove defendant's culpable conduct. Plaintiff argues that the court erred by excluding the letter because it was admissible as a party admission under MRE 801(d)(2). We find no error.

MRE 801(d)(2) provides that a statement is not hearsay if:

> The statement is offered against a party and is . . . (C) a statement by a person authorized by him to make a statement concerning the subject, or (D) a statement by his agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship . . . .

However, the court did not rule that the letter was inadmissible hearsay. Instead, the court ruled that the letter was inadmissible under MRE 407 because it referred to subsequent remedial measures which, had they been taken, might have enhanced plaintiff's chances for promotion or cross-training. MRE 407 provides:

> When, after an event, measures are taken

which, if taken previously would have made the event less likely to occur, *evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event.* This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment. [Emphasis added.]

Review of the letter in question does indicate that it contains references to subsequent remedial measures taken to lessen discrimination in training and promotion. The circuit court properly excluded this evidence under MRE 407.

III

Plaintiff argues that the circuit court committed error requiring reversal by granting defendant's pretrial motion to preclude six of plaintiff's witnesses from testifying at trial. We disagree.

Whether to permit an undisclosed witness to testify is within the trial court's discretion. *Elmore v Ellis,* 115 Mich App 609, 613; 321 NW2d 744 (1982); *Dehring v Northern Michigan Exploration Co, Inc,* 104 Mich App 300, 321; 304 NW2d 560 (1981). Such a decision should not be reversed absent an abuse of discretion. *Id.*

Plaintiff filed her initial witness list in September of 1984, and supplemented it in May of 1985. The six witnesses in question were not included on either witness list. One month before trial, plaintiff filed a trial brief listing the six witnesses. Defendant moved to preclude these additional witnesses from testifying on the basis that plaintiff failed to comply with a pretrial order. The circuit court granted defendant's motion, and ordered the witnesses excluded. The court indicated that it

would allow plaintiff to make a separate record as to what those witnesses would testify, but plaintiff declined to do so.

We find no abuse of discretion in the court's actions. Plaintiff did not state good cause for her failure to list such a large number of witnesses until very close to the trial date, nor did plaintiff bother to make a separate record to demonstrate the importance of their testimony. Under these circumstances, the court did not err by excluding these witnesses from testifying.

IV

Plaintiff argues that the trial court erred by denying her motion for a new trial or judgment notwithstanding the verdict because the jury's verdict was against the great weight of the evidence. Plaintiff claims that defendant failed to present evidence of nondiscriminatory intent to rebut plaintiff's prima facie case. We disagree.

Whether to grant a new trial on the basis that the verdict is against the great weight of the evidence is within the sound discretion of the trial judge, and the judge's decision will not be reversed absent a clear abuse of that discretion. *Bosak v Hutchinson*, 422 Mich 712, 737; 375 NW2d 333 (1985), reh den 424 Mich 1201 (1985). Judgment non obstante veredicto is appropriate only when the evidence and inferences to be drawn from it, viewed in the light most favorable to the opposing party, entitle the moving party to judgment as a matter of law. *The Yoder Co v Liberty Mutual Ins Co,* 92 Mich App 386, 391; 284 NW2d 810 (1979). Only when reasonable minds could not differ in the conclusion advocated by the movant may the jury's verdict be ignored. *Yoder Co,* p 391.

We find no error in the court's denial of plain-

tiff's motions for a new trial or judgment notwithstanding the verdict. Plaintiff did present a prima facie case of race or gender discrimination. However, defendant effectively rebutted plaintiff's prima facie case with extensive evidence of a nondiscriminatory reason denying this request for a promotion or cross-training, namely, its large reductions in salaried work force which began in August of 1979. Plaintiff did not present any evidence to show that the nondiscriminatory motives asserted by defendant were merely a pretext for discrimination. The jury's verdict was not against the great weight of the evidence. The trial court properly denied plaintiff a new trial or judgment notwithstanding the verdict.

V

Plaintiff argues that the trial court erred in awarding defendant attorney fees of $25,110. Plaintiff argues that these fees were unreasonable, and must be reversed. We disagree. MCR 2.403(O)(1) and (6) provide:

> If a party has rejected [a mediation] evaluation and the action proceeds to trial, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the mediation evaluation. However, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the mediation evaluation.
>
> * * *
>
> For the purpose of this rule, actual costs include those costs taxable in any civil action and a reasonable attorney fee based on a reasonable hourly or daily rate as determined by the trial judge for services necessitated by the rejection of the mediation evaluation.

An award of attorney fees will be upheld by this Court absent an abuse of discretion. *Petterman v Haverhill Farms, Inc,* 125 Mich App 30, 32; 335 NW2d 710 (1983). The factors to be considered in determining the reasonableness of attorney fees are

> (1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client. [*Wood v DAIIE,* 413 Mich 573, 588; 321 NW2d 653 (1982), quoting *Crawley v Schick,* 48 Mich App 728, 737; 211 NW2d 217 (1973).]

The Court went on to state:

> While a trial court should consider the guidelines of *Crawley,* it is not limited to those factors in making its determination. Further, the trial court need not detail its findings as to each specific factor considered. The award will be upheld unless it appears upon appellate review that the trial court's finding on the "reasonableness" issue was an abuse of discretion. [*Id.*]

On appeal, plaintiff claims that defense counsel's hourly billing rates were unreasonable for the locale of the suit, and that defense counsel's services were often duplicated and repeated. We note that plaintiff did not present any evidence regarding attorney fees typical of the locale or why defense counsel's fees were unreasonable. Nor did plaintiff present any evidence to the trial court establishing which of defense counsel's particular services were duplicative or repetitive. Plaintiff's assertion that the assessed fees were unreasonable is simply not supported by evidence on the record.

The trial court did not abuse its discretion in awarding defendant these fees.

Affirmed.

GRIBBS, J., concurred.

V. L. WASHINGTON, J. *(dissenting).* I dissent.

Because of an instructional error, and because rulings on the exclusion of evidence and the exclusion of witnesses erroneously deprived plaintiff of a full opportunity to persuade the jury, I would reverse.

I agree with plaintiff that prejudicial error requiring reversal occurred because the trial court refused to give an applicable, requested Standard Jury Instruction on plaintiff's burden of proof, and used instead defendant's proposed instruction which deviated from the SJI and misstated the law.

Prior to the jury's instruction, plaintiff's counsel requested the trial court to use SJI 105.04 in instructing the jury regarding plaintiff's burden of proof. When the trial court stated it would not give the applicable SJI and, instead, would give the instruction defendant proposed, plaintiff objected. Plaintiff's counsel argued that the instruction as proposed by defendant would unduly confuse the jury as to the issues.

SJI 105.04 provides:

Plaintiff has the burden of proving that:

a. defendant [*discharged/failed to hire/failed to promote/failed to train/harassed/*
_____] the plaintiff, and
    *other*

b. [*religion/race/color/national origin/age/sex/ height/weight/marital status*] was one of the motives or reasons which made a difference in determining to [*discharge/fail to hire/fail to promote/fail to train/harass*
_____] the plaintiff.
    *other*

Your verdict will be for the plaintiff if you find that defendant [*discharged/failed to hire/failed to promote/failed to train/harassed/ _____*] the plaintiff, and that [*religion/race/color/national origin/age/ sex/height/ weight/marital status*] was one of the motives or reasons which made a difference in determining to [*discharge/fail to hire/fail to promote/fail to train/harass/ _____*] the plaintiff.
<sub>other</sub>

Your verdict will be for the defendant if you find that the defendant did not [*discharge/fail to hire/ fail to promote/fail to train/harass/ _____*] the plaintiff. Your verdict will also be for the defendant if you find that defendant did [*discharge/fail to hire/fail to promote/fail to train/harass/ _____*] the plaintiff, but that [*religion/race/color/national origin/age/ sex/height/weight/marital status*] was not one of the motives or reasons which made a difference in determining to [*discharge/fail to hire/fail to promote/fail to train/harass/ _____*] the plaintiff.

In reviewing SJI 105.04, the trial court stated that the only word that was standard was "defendant." The rest was to be filled in by the parties according to the parties' claims, the trial court stated, adding that the instruction defendant proposed more fairly stated plaintiff's claims.

The requested instruction which the trial court failed to give provided:

Plaintiff has the burden of proving that: (a) defendant failed to promote and/or failed to train the plaintiff and

(b) race/color and/or sex was one of the motives or reasons which made a difference in determining to fail to promote and/or failing to train.

Your verdict will be for the plaintiff if you find that defendant failed to promote and/or failed to train the plaintiff and that race, color and/or sex was one of the motives or reasons which made a difference in determining to fail to promote and/or train the plaintiff.

Your verdict will be for the defendant if you find that defendant did not fail to promote and/or fail to train the plaintiff. Your verdict will also be for the defendant if you find that defendant did fail to promote and/or fail to train the plaintiff, but that race, color and/or sex was not one of the motives or reasons which made a difference in determining to fail to promote and/or fail to train the plaintiff.

The court's charge to the jury on plaintiff's burden of proof was:

The plaintiff has the burden of proving that similarly situated white or male employees were promoted or cross-trained or treated differently during the period plaintiff sought promotions and cross-training, and that plaintiff's race, color or sex was one of the motives or reasons which made a difference in determining not to promote or cross-train the plaintiff, or in her treatment by the defendant.

Your verdict will be for the plaintiff, Rosa Jernigan, if you find that similarly situated white or male employees were promoted or cross-trained or treated differently during the period plaintiff sought promotions and cross-training and that plaintiff's race, color or sex was one of the motives or reasons which made a difference in determining not to promote or cross-train her or in her treatment by the defendant.

Your verdict will be for the defendant if you find that similarly situated white or male employees were not promoted or cross-trained during the

period plaintiff sought promotions and cross-training, or treated differently, or that plaintiff's race, color or her sex did not make a difference in determining whether or not to promote or cross-train the plaintiff or in her treatment by the defendant.

The burden of proof in employment discrimination cases brought under the Civil Rights Act is the same as for cases brought under Title VII of the Civil Rights Act of 1964, 42 USC 2000e *et seq.* In *Texas Dep't of Community Affairs v Burdine,* 450 US 248, 252-253; 101 S Ct 1089; 67 L Ed 2d 207 (1981), the United States Supreme Court stated plaintiff's burden of proof thusly:

> First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." . . . Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

In a race discrimination case, plaintiff establishes a prima facie case of discrimination by showing (1) that plaintiff was a member of the class entitled to protection under the act, and (2) that, for the same or similar conduct, plaintiff was treated differently than one who was a member of a different race. *Jenkins v Southeastern Michigan Chapter, American Red Cross,* 141 Mich App 785; 369 NW2d 223 (1985); *Sisson v Bd of Regents of the University of Michigan,* 174 Mich App 742; 436 NW2d 747 (1989).

Similarly, plaintiff establishes a prima facie case of sex discrimination by showing (1) that plaintiff was a member of a class entitled to protection under the act, and (2) that, for the same or similar conduct, plaintiff was treated differently than a man. *Pomranky v Zack Co,* 159 Mich App 338, 343; 405 NW2d 881 (1987). Whether an employee is similarly situated is a question of fact for the jury.

I find that the trial court erred in failing to give SJI 105.04. Although the standard jury instruction did require the trial court to tailor it to the specific facts of this case, MCR 2.516 required the trial court to follow the format of the standard jury instruction. Instead, the trial court gave an instruction which defendant proposed, which did not follow the format of the standard jury instruction. In addition, the jury may have been confused by the instruction. The instruction suggested that, if defendant had a legitimate, nondiscriminatory reason for failing to promote or to cross-train whites or males due to economic reasons, then defendant's decision regarding plaintiff's nonpromotion was made for the identical reason. In addition, the time frame stated in the instruction, limiting the jury's consideration of evidence of discrimination to the period plaintiff sought promotion or cross-training, was erroneous. No such time frame is provided in SJI 105.04. In employment discrimination cases, evidence of discrimination is rarely direct, and plaintiffs often rely on circumstantial evidence to prove their claims. In *Riordan v Kempiners,* 831 F2d 690, 698-699 (CA 7, 1987), the court noted that, given the importance of circumstantial evidence in proving (and, equally, disproving) employment discrimination, a blanket exclusion of evidence of events that occurred before or after the alleged discrimination is

arbitrary. Similarly, limiting the jury's review of that evidence would be arbitrary. Therefore, I would find that plaintiff has demonstrated that affirmance of the jury's verdict would be "inconsistent with substantial justice," and plaintiff should be granted a new trial.

As to the issue regarding the circuit court's grant of defendant's pretrial motion to preclude six of plaintiff's witnesses from testifying at trial, it should be noted that the pretrial order which defendant claims plaintiff violated required the parties to amend their witness lists after discovery was completed and provided that failure to do so "may result in that witness not being allowed not to testify." Five of plaintiff's additional witnesses were employees of defendant and plaintiff withdrew the name of another nonemployee witness. Since several of the proposed witnesses were employees of defendant, it was not shown how defendant would be prejudiced if the witness list was amended. Since no separate record was made, I am unable to determine whether the trial court properly exercised its discretion in precluding these witnesses from testifying. Since I would reverse in this case, I would order that, on remand, the trial court reconsider the blanket preclusion of plaintiff's witnesses and determine which of the five witnesses, if any, should testify upon retrial.

Additionally, the trial court excluded from evidence a letter sent to plaintiff from Richard O'Brien, General Motors' Director of Worldwide Personnel Administration, in November, 1982, about three months after plaintiff's resignation.

Plaintiff argues that the letter was a party admission under MRE 801(d)(2)(D). Defendant counters that the letter was properly excluded under MRE 407 as a subsequent remedial measure. I agree with plaintiff. MRE 801(d)(2)(D) pro-

vides that a statement is not hearsay if it is offered against a party and is "a statement by his agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship." The statements contained in O'Brien's letter were made by O'Brien as an employee of defendant, they concerned a matter within the scope of his agency or employment and the statements were made during the existence of that relationship. *Moody v Pulte Homes, Inc,* 423 Mich 150, 173-175; 378 NW2d 319 (1985); *Kaiser Aluminum & Chemical Corp v Illinois C G R Co,* 615 F2d 470, 476 (CA 8, 1980), cert den 449 US 890; 101 S Ct 249; 66 L Ed 2d 116 (1980); 4 Weinstein, Evidence, ¶ 801(d)(2)(D)[01], pp 801-221 to 801-224. I conclude that the trial court erred in excluding the letter from evidence.

Finally, I would find that the attorney fees were inappropriate as assessed. "In making a final award of attorney fees, the trial court should determine a reasonable fee based on the particular facts of the case and community legal practice." *Petterman v Haverhill Farms, Inc,* 125 Mich App 30, 33; 335 NW2d 710 (1983). In *Johnston v Detroit Hoist & Crane Co,* 142 Mich App 597, 601; 370 NW2d 1 (1985), this Court approved the trial court's approach which consisted of assessing a reasonable attorney fee for that locale under the circumstances. The trial court in the instant case should have considered these factors in making its determination.

I would reverse.