*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KATRINA KYLES, Personal Representative of the
ESTATE OF LASHUNTE SMITH,

        Plaintiff-Appellant,

v

PROTECTOR WINDOW & DOOR INC,

        Defendant-Appellee.

UNPUBLISHED
June 16, 2026
8:59 AM

No. 375146
Wayne Circuit Court
LC No. 23-010845-NO

Before: GADOLA, C.J., and RIORDAN and LETICA, JJ.

PER CURIAM.

In this negligence action, plaintiff, Katrina Kyles as the personal representative of the Estate of LaShunte Smith, appeals as of right the order granting summary disposition to defendant, Protector Window & Door, Inc., under MCR 2.116(C)(10) (no genuine issue of material fact).[1] On appeal, plaintiff contends the trial court erred when it determined insufficient evidence was provided to meet the reasonable inference standard, failing to withstand defendant's motion for summary disposition. We disagree.

## I. FACTUAL BACKGROUND

On April 8, 2022, defendant was hired to install a front security door on the home of Perlie Smith-Duncan (Duncan), LaShunte's grandmother, with whom LaShunte lived at the time. Duncan testified that at the time of the door's installation, the installer only opened and closed the door a couple of times and did not provide any instruction on its use. Defendant's installer testified that while he did not specifically recall this installation, it was his regular practice to inform customers how to use the door. After the door's installation, Duncan experienced no immediate issues with the door's closing mechanism. Within a week, however, the newly installed door

---

[1] Plaintiff represents the Estate; LaShunte Smith (LaShunte) died in March 2024 after the lawsuit was initially filed.

began slamming shut. Duncan and her daughter, Katrina Kyles (Kyles), made several calls to defendant requesting help to fix the door's closing speed.

On April 19, 2022, LaShunte was walking into Duncan's house when she fell at the threshold of the door. Andre Smith-Hunter (Andre), LaShunte's brother, was nearby when LaShunte fell and called an ambulance after LaShunte expressed experiencing hip pain. Andre did not witness LaShunte's fall, but LaShunte told him the door "fell on her foot." LaShunte was transported to the hospital.

LaShunte was discharged approximately six days later after receiving treatment for a fractured femur. LaShunte's discharge form described an extensive medical history and indicated she "tripped over the screen door causing her to fall and land onto her right hip." Additionally, the discharge form described that LaShunte sustained a left ankle injury due to a fall five days before the April 19, 2022 hip injury, and that the ankle injury prevented her from accepting weight on her left leg. LaShunte was "ambulating with a limp" since the earlier ankle injury. As a symptom of her myriad preexisting medical conditions associated with alcoholism, LaShunte suffered from pain, tingling, and numbness in at least one of her feet, which was attributed to her diagnosis of chronic peripheral neuropathy. In May 2022, defendant sent an employee to repair the door and instructed Duncan how to adjust the door's closing mechanism.

LaShunte filed a complaint alleging defendant was negligent in the installation of the door, rendering it defective. Defendant moved for summary disposition under MCR 2.116(C)(10), maintaining that attributing LaShunte's injuries to a defect of the door is mere speculation, and that circumstantial proof is insufficient to create a reasonable inference of causation. Plaintiff responded, asserting sufficient evidence was presented to meet the reasonable inference standard, including an interrogatory response from LaShunte describing how the door closed on her and caused her to fall.

A hearing was held and the trial court determined that insufficient evidence was presented to establish the door had any defect on the day of the incident. The trial court granted defendant summary disposition, and this appeal followed.

## II. ANALYSIS

On appeal, plaintiff contends the trial court erred when it granted summary disposition because sufficient evidence was presented to establish a reasonable inference of factual causation. We disagree and affirm.

"Appellate review of the grant or denial of a summary-disposition motion is de novo, and the court views the evidence in the light most favorable to the party opposing the motion." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). A motion under MCR 2.116(C)(10) "tests the factual support for a claim." *Dressel v Ameribank*, 468 Mich 557, 561; 664 NW2d 151 (2003). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Gen Motors Corp*, 469 Mich at 183. Specifically:

A motion for summary disposition under MCR 2.116(C)(10) tests the factual support for a claim. When reviewing a trial court's decision to grant a motion for summary disposition, we consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in the light most favorable to the nonmoving party. The court should grant the motion only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. [*Steward v Panek*, 251 Mich App 546, 555; 652 NW2d 232 (2002) (citations omitted).]

"In any negligence case . . . a court must determine whether 'the defendant's negligence was a cause in fact of the plaintiff's injuries . . . .' " *Ray v Swager*, 501 Mich 52, 65; 903 NW2d 366 (2017). Evidence of causation "is sufficient if it establishes a logical sequence of cause and effect, notwithstanding the existence of other plausible theories, although other plausible theories may also have evidentiary support." *Skinner v Square D Co*, 445 Mich 153, 159-160; 516 NW2d 475 (1994) (quotation marks omitted), citing *Mulholland v DEC Intern Corp*, 432 Mich 395, 415; 443 NW2d 340 (1989). Further, establishing the causation element in a negligence action "entails proof of two separate elements: (1) cause in fact, and (2) legal cause, also known as 'proximate cause.' " *Skinner*, 445 Mich at 162-163. Factual causation is established when, but for the defendant's conduct, the injury at issue would not have happened. *Id*. at 164. Legal cause is generally established by "examining the foreseeability of consequences, and whether a defendant should be held legally responsible for such consequences." *Id*. Factual causation must be established for legal causation to be at issue. *Id*. at 163.

When bringing a motion for summary disposition, the initial burden is on the moving party, and once the moving party's burden has been satisfied, the burden shifts to the nonmoving party. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). "[P]arties opposing a motion for summary disposition must present more than conjecture and speculation to meet their burden of providing evidentiary proof establishing a genuine issue of material fact." *Bennett v Detroit Police Chief*, 274 Mich App 307, 319; 732 NW2d 164 (2006), amended (2007).[2] Evidence provided in support of a motion under MCR 2.116(C)(10) must be substantively admissible. *Maiden*, 461 Mich at 121. Further, "[o]pinions, conclusionary denials, unsworn averments, and inadmissible hearsay do not satisfy the court rule; disputed fact (or the lack of it) must be established by admissible evidence." *SSC Assoc Ltd Partnership v Gen Retirement Sys of City of Detroit*, 192 Mich App 360, 364; 480 NW2d 275 (1991).

Here, the dispute centers on whether plaintiff presented sufficient evidence to establish the door caused LaShunte to fall and injure her hip. In other words, the issue is whether plaintiff presented sufficient evidence to establish factual causation.

In its motion for summary disposition, defendant argued plaintiff failed to present any evidence establishing LaShunte's injury was caused by a defect or malfunction of the door

---

[2] This case was decided December 19, 2006, and approved for publication on February 20, 2007. The case was amended by order on February 20, 2007. *Bennett v Detroit Police Chief*, unpublished order of the Court of Appeals, entered February 20, 2007 (Docket Nos. 262124; 262188).

attributable to defendant. Defendant specifically noted LaShunte's untimely death prevented her first-hand testimony as to the cause, requiring plaintiff to rely on circumstantial evidence against the equally likely explanation that her preexisting medical conditions or other intervening events caused LaShunte's fall.

Although plaintiff was able to produce an interrogatory response from LaShunte stating her foot got caught in the door and caused her to fall, plaintiff was unable to present any evidence that specifically attributed the injury to a defect of the door. Other evidence relied on by plaintiff includes Andre's testimony stating LaShunte told him her foot was caught in the door and Kyles' and Duncan's calls to defendant for help with the door's closing speed, which was later repaired. Although this evidence may show LaShunte's injuries were caused by the door, it fails to specifically demonstrate how a defect in the door caused the injury. Further, evidence of defendant's subsequent repair of the door is inadmissible and cannot be considered under MRE 407, which states evidence of subsequent remedial measures to establish negligence or culpability is inadmissible. See *Jernigan v Gen Motors Corp*, 180 Mich App 575, 583-584; 447 NW2d 822 (1989).

While circumstantial evidence may sometimes "be adequate, a plaintiff's circumstantial proof must facilitate reasonable inferences of causation, not mere speculation." *Skinner*, 445 Mich at 164. Our Supreme Court in *Skinner* further articulated the standard, stating:

> [A]t a minimum, a causation theory must have some basis in established fact. However, a basis in only slight evidence is not enough. Nor is it sufficient to submit a causation theory that, while factually supported, is, at best, just as possible as another theory. Rather, the plaintiff must present substantial evidence from which a jury may conclude that more likely than not, but for the defendant's conduct, the plaintiff's injuries would not have occurred. [*Id*. at 164-165.]

Plaintiff's evidence supports the door closed on LaShunte's foot, but critically fails to articulate any defect or malfunction of the door that caused LaShunte's fall and injury. While evidence was presented to establish that the door began to slam shut shortly after its installation, a jury would be left to speculate whether this was either the factual or legal cause of LaShunte's fall. When combined with LaShunte's preexisting conditions and symptoms, including her limp and documented loss of sensation in her feet, attribution of the cause of LaShunte's fall and injuries to a defect of the door would be mere speculation because her other medical conditions were equally possible causes of the injuries.

## III. CONCLUSION

The trial court did not err when it granted defendant summary disposition because plaintiff

failed to present evidence establishing LaShunte's fall and injury were caused by a defect of the door attributable to defendant.

Affirmed.

/s/ Michael F. Gadola
/s/ Michael J. Riordan
/s/ Anica Letica