LONGLEY v BLUE CROSS & BLUE SHIELD OF MICHIGAN

Docket No. 72816. Submitted May 15, 1984, at Detroit.—Decided July 16, 1984.

Deborah Longley was discharged from her employment with Blue Cross and Blue Shield of Michigan for allegedly participating in an unauthorized work slowdown. She filed suit against Blue Cross and Blue Shield in Wayne Circuit Court alleging that her discharge was in violation of an implied contract to discharge only for cause. Defendant filed a motion for summary judgment on the ground that there was no genuine issue of material fact and that defendant was entitled to judgment as a matter of law after plaintiff admitted during a deposition that her employment could be terminated at any time for any reason and that she was aware of that fact. The court, Robert J. Colombo, Jr., J., granted summary judgment in favor of defendant. Plaintiff appeals. *Held:*

Plaintiff's admission at her deposition precluded her from claiming that she had a legitimate expectation of discharge only for good cause. The trial court did not grant summary judgment prematurely since further discovery would have been of no avail to plaintiff. Her binding admission that she could be discharged at any time for any reason was the dispositive fact.

Affirmed.

1. JUDGMENTS — SUMMARY JUDGMENT — ISSUES OF MATERIAL FACT — AFFIDAVITS — COURT RULES.

A motion for summary judgment based on the ground that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law tests whether there is factual support for a claim; the court, when passing upon such motion, must consider the pleadings, affidavits, depositions, admissions and other documentary evidence available to it (GCR 1963, 117.2[3]).

REFERENCES FOR POINTS IN HEADNOTES

[1, 6] 73 Am Jur 2d, Summary Judgment §§ 26, 27.

[2-5] 53 Am Jur 2d, Master and Servant §§ 43, 45, 46, 48.3, 60.

Modern status of rule that employer may discharge at-will employee for any reason. 12 ALR4th 544.

2. MASTER AND SERVANT — EMPLOYMENT CONTRACTS — DISCHARGE FOR CAUSE — EMPLOYMENT FOR INDEFINITE TERM.

A provision of an employment contract providing that an employee shall not be discharged except for cause is legally enforceable although the contract is not for a definite term.

3. MASTER AND SERVANT — EMPLOYMENT CONTRACTS — DISCHARGE FOR CAUSE.

A provision that an employee shall not be discharged except for cause may become part of an employment contract either by express agreement, oral or written, or as a result of an employee's legitimate expectations grounded in the employer's policy statements.

4. MASTER AND SERVANT — TERMINATION FOR CAUSE — IMPLIED CONTRACT.

An employee seeking to establish an implied contract of employment providing that termination would be for just cause only must have, at the very least, entertained a belief that the personnel policies and practices of the employer would be applied consistently.

5. MASTER AND SERVANT — TERMINATION WITHOUT CAUSE — ADMISSIONS.

An employee's admission that she knew she could be dismissed with or without cause logically precludes her from maintaining that she had any expectation, legitimate or otherwise, of termination only for just cause.

6. JUDGMENTS — SUMMARY JUDGMENT — DISCOVERY.

A grant of summary judgment is premature if made before discovery on the disputed issue is complete; however, if the party opposing a motion for summary judgment cannot present competent evidence of a disputed fact because his or her discovery is incomplete, the party must at least assert that such a dispute does indeed exist and support the allegation by some independent evidence, even if hearsay.

*Keller & Katkowsky, P.C.* (by *Lawrence S. Katkowsky*), for plaintiff.

*Karen S. Kienbaum* and *Kristine J. Galien*, for defendant.

Before:  M. J.  Kelly,  P.J.,  and  Bronson  and
C. W.  Simon,* JJ.

Bronson, J. Plaintiff appeals as of right an
order of summary judgment in favor of defendant.

On or about September 23, 1976, plaintiff was
hired by defendant as a pricer in Medicare Adjudi-
cation Unit II. Shortly after she was hired, plain-
tiff received a copy of defendant's employee hand-
book, which contained the following provision:

"Just as any employee may resign at any time and
for any reason, the company, because of legal considera-
tions, reserves the right to release an employee at any
time for any reason."

In November, 1976, plaintiff was transferred to
Medicare Adjudication Unit III. Plaintiff was dis-
charged from her employment on December 30,
1976, as a result of her alleged participation in an
unauthorized work slowdown. Plaintiff filed her
complaint on December 23, 1982, alleging that her
discharge was in violation of an implied contract
to discharge only for cause. After taking plaintiff's
deposition on March 4, 1983, defendant filed a
motion for summary judgment. The trial court
granted defendant summary judgment pursuant to
GCR 1963, 117.2(3).

In *Karaskiewicz v Blue Cross & Blue Shield of
Michigan,* 126 Mich App 103, 110; 336 NW2d 757,
*lv den* 418 Mich 882 (1983), this Court set forth
the standard of review of a motion brought under
GCR 1963, 117.2(3):

"GCR 1963, 117.2(3) allows a trial court to grant
summary judgment where there is no genuine issue as
to any material fact and the moving party is entitled to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

judgment as a matter of law. A motion based on this subrule is designed to test whether there is factual support for a claim. When passing upon a motion under the subrule, the court must consider the pleadings, affidavits, depositions, admissions and other documentary evidence available to it."

At her deposition taken on March 4, 1983, plaintiff admitted having read the employee handbook at the time of her hiring and that she recalled reading language in the handbook which stated she could be terminated at any time for any reason. Plaintiff further admitted that she believed that the language contained in the employee handbook was correct and was, in fact, the state of her employment with defendant. The trial court found that, as a matter of law, plaintiff's admission at her deposition precluded her from claiming that she had a legitimate expectation of discharge only for good cause and that, in light of plaintiff's admission, further discovery would be of no avail to plaintiff.

In *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579, 598; 292 NW2d 880 (1980), *reh den* 409 Mich 1101 (1980), the Supreme Court held that:

"1) a provision of an employment contract providing that an employee shall not be discharged except for cause is legally enforceable although the contract is not for a definite term—the term is 'indefinite', and

"2) such a provision may become part of the contract either by express agreement, oral or written, or as a result of an employee's legitimate expectations grounded in an employer's policy statements."

The *Toussaint* decision does not limit an employer's right to enter into an employment contract terminable at will without assigning cause. 408

Mich 610. Rather, *Toussaint* makes clear that an employment contract for an indefinite period is not automatically insulated from judicial construction; our task is to determine whether, in a given case, the employer expressly agreed to terminate only for cause or whether statements of company policy and procedure gave rise to an employee's legitimate expectation of discharge only for cause.

The statements of company policy and procedure which plaintiff argues gave rise to a legitimate expectation of a just cause termination standard derive from three sources: (1) a memorandum issued to employees in Unit III by their supervisor, Eunice Armstrong, (2) the discipline and discharge guidelines in the Personnel and Procedures Manual, and (3) the alleged testimony of one of defendant's managerial employees, in a separate lawsuit, that he terminated employees only for good cause and did not personally consider employment of his subordinates to be "at will". Such policies and procedures, if substantiated by documentary evidence, ordinarily might be sufficient to withstand a motion for summary judgment. *Schipani v Ford Motor Co,* 102 Mich App 606; 302 NW2d 307 (1981). In *Schipani,* this Court held that even a written employment agreement in which the plaintiff acknowledged that he could be terminated at any time without advance notice did not necessarily bar an action under the *Toussaint* doctrine where oral representations and employer's manuals assured the employee that dismissal would be for cause only. What distinguishes the instant case from *Toussaint, supra,* and its progeny, is plaintiff Longley's clear admission that she understood that she could be dismissed with or without cause.

While "a mere subjective expectancy on the part of an employee" may not be sufficient to create a

*Toussaint* claim, *Schwartz v Michigan Sugar Co,* 106 Mich App 471, 478; 308 NW2d 459 (1981), *lv den* 414 Mich 870 (1982), we think a subjective expectancy is necessary to establish such a claim. By "subjective expectancy", we do not mean to imply that the employee must prove "reliance" as that term is used in contract law, *e.g.,* in connection with the doctrine of promissory estoppel. *Toussaint, supra,* p 613, fn 25; *Damrow v Thumb Cooperative Terminal, Inc,* 126 Mich App 354, 362; 337 NW2d 338 (1983). Even under a broad reading, however, *Toussaint* requires that an employee seeking to establish an implied contract must have, at least, entertained a belief that the personnel policies and practices would be applied consistently. *Toussaint, supra,* p 613. Accordingly, we hold that an employee's admission that she knew that she could be dismissed with or without cause logically and legally precludes her from maintaining that she had any expectation, legitimate or otherwise, of termination only for cause.

We recognize that the absence of an initial expectation of termination only for just cause would not bar an employee's claim that his or her employer subsequently modified the employment contract, *i.e.,* at some point during the course of employment, the employer instituted policies or practices which gave rise to a legitimate expectation of contractual rights. In the instant case, however, the documentary evidence submitted by plaintiff in opposition to the summary judgment motion was insufficient to create a jury question on the issue of modification. Neither the pleadings nor plaintiff's affidavit nor any other document provides factual support for her counsel's argument that the combination of the Personnel and Procedure Manual, the Armstrong memorandum,

and the alleged testimony by a managerial employee in a separate lawsuit, negated or modified plaintiff's initial beliefs regarding the state of her employment with defendant.

Finally, we are not persuaded that the trial court prematurely granted summary judgment.

"This Court has held that a grant of summary judgment is premature if made before discovery on the disputed issue is complete. * * * However, there must be a disputed issue before the court. If the party opposing a motion for summary judgment cannot present competent evidence of a disputed fact because his or her discovery is incomplete, the party must at least assert that such a dispute does indeed exist and support the allegation by some independent evidence, even if hearsay." *Pauley v Hall,* 124 Mich App 255, 263; 335 NW2d 197 (1983), *lv den* 418 Mich 870 (1983). (Citations omitted.)

Further discovery could not have created a material dispute. Plaintiff's binding admission[1] at her deposition that she understood that she could be discharged at any time for any reason was *the* dispositive fact.

Affirmed.

---

[1] See *Hollowell v Career Decisions, Inc,* 100 Mich App 561, 568; 298 NW2d 915 (1980).