FORD v BLUE CROSS & BLUE SHIELD OF MICHIGAN

Docket No. 77156. Submitted October 2, 1985, at Detroit.—Decided April 8, 1986.

Plaintiffs Gloria Ford, Marion Thomas, and Doris Hill were dismissed from their employment by defendant, Blue Cross & Blue Shield of Michigan. Plaintiffs filed suit in Wayne Circuit Court for breach of an implied contract which plaintiffs alleged provided that they could not be discharged without just cause. Defendant moved for summary judgment, contending that, there being no genuine issue as to any material fact, it was entitled to judgment as a matter of law. At the close of plaintiff's proofs at the jury trial, defendant moved for a directed verdict in its favor. The circuit court, Charles S. Farmer, J., denied both motions. The jury returned a verdict in favor of and awarded damages to plaintiffs. Defendant appealed. *Held:*

1. An employer's express agreement to terminate only for cause, or statements of company policy and procedure to that effect, can give rise to rights enforceable in contract.

2. In this case, there was no express agreement to terminate only for cause and defendant's policy clearly provided that the employment relationship was at will. Defendant's practice of granting exit interviews to terminated employees did not give rise to a contract implied in fact providing for termination only for just cause.

Reversed and remanded for entry of a directed verdict in defendant's favor.

1. Appeal — Directed Verdict — Judgment Notwithstanding the Verdict.

The standard of review applicable to a denial of a motion for a directed verdict or a motion for judgment notwithstanding the

References

Am Jur 2d, Appeal and Error §§ 105 *et seq.*

Am Jur 2d, Contracts §§ 3 *et seq.*

Employee's arbitrary dismissal as breach of employment contract terminable at will. 62 ALR3d 271.

verdict is that review by the Court of Appeals is limited to whether the party opposing the motion offered evidence upon which reasonable minds could differ; the test is whether, viewing the facts in a light most favorable to the nonmoving party, reasonable persons could reach a different conclusion and, if so, the case is properly one for the jury; the nonmoving party must be given the benefit of every reasonable inference that can be drawn from the evidence.

2. MASTER AND SERVANT — EMPLOYMENT CONTRACTS — DISCHARGE FOR CAUSE — EMPLOYMENT FOR INDEFINITE TERM.

A provision of an employment contract providing that an employee shall not be discharged except for cause is legally enforceable although the contract is not for a definite term.

3. MASTER AND SERVANT — EMPLOYMENT CONTRACTS — DISCHARGE FOR CAUSE.

A provision that an employee shall not be discharged except for cause may become part of an employment contract either by express agreement, oral or written, or as a result of an employee's legitimate expectations grounded in the employer's policy statements.

4. CONTRACTS — IMPLIED CONTRACTS — EMPLOYMENT CONTRACTS.

A contract is implied in fact where the intention as to such contract is not manifested by direct or explicit words between the parties, but is to be gathered by implication or deduction from the conduct of the parties, language used or things done by them, or other pertinent circumstances attending the transaction.

5. CONTRACTS — IMPLIED CONTRACTS — EMPLOYMENT CONTRACTS.

An employer's practice of granting exit interviews, wherein employees who are terminated are given an opportunity to tell their side of the story, does not give rise to a contract implied in fact providing for termination only for just cause, when the express agreement and the employer's policy and procedures provide for employment at will.

*David K. Wenger,* for plaintiffs.

*Karen S. Kienbaum* and *Kristine J. Galien,* for defendant.

Before: D. E. HOLBROOK, JR., P.J., and R. B. BURNS and K. B. GLASER, JR.,* JJ.

PER CURIAM. Defendant is plaintiffs' former employer. Plaintiffs' employment was terminated on October 13, 1977, for falsification of payroll records without plaintiffs' having an opportunity to express themselves to their superiors except in writing. Plaintiffs sued for breach of an implied contract which plaintiffs asserted provided that they would not be discharged without just cause. Defendant's motion for summary judgment under GCR 1963, 117.2(3) was denied. Defendant's motion for a directed verdict at the close of the plaintiffs' proofs was also denied. The jury found for plaintiffs in the amount of $10,000 for Gloria Ford, $6,625 for Marion Thomas and $5,930 for Doris Hill. The trial court denied defendant's motion for judgment notwithstanding the verdict. Defendant appeals the denial of these motions. We find that the trial court improperly denied defendant's motion for directed verdict at the close of plaintiffs' proofs, and reverse.

"This Court's review of a denial of a motion for directed verdict is limited to whether the party opposing the motion offered evidence upon which reasonable minds could differ. *Perry v Hazel Park Harness Raceway,* 123 Mich App 542, 549; 332 NW2d 601 (1983). The test is whether, viewing the facts in a light most favorable to plaintiff, reasonable persons could reach a different conclusion. If so, the case is properly one for the jury. Plaintiff must be given the benefit of every reasonable inference that could be drawn from the evidence. *Anderson v Gene Deming Motor Sales, Inc,* 371 Mich 223, 229; 123 NW2d 768 (1963). The same standard of review applies where a motion for judgment notwithstanding the verdict has been denied. *Anderson, supra; Goins v Ford Motor Co,* 131 Mich App 185, 191-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

192; 347 NW2d 184 (1983)." *Jenkins v American Red Cross,* 141 Mich App 785, 792; 369 NW2d 223 (1985).

In *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579, 598-599; 292 NW2d 880 (1980), the Supreme Court held:

"1) a provision of an employment contract providing that an employee shall not be discharged except for cause is legally enforceable although the contract is not for a definite term—the term is 'indefinite,' and

"2) such a provision may become part of the contract either by express agreement, oral or written, or as a result of an employee's legitimate expectations grounded in an employer's policy statements."

The Court also held:

"Employers are most assuredly free to enter into employment contracts terminable at will without assigning cause. We hold only that an employer's express agreement to terminate only for cause, or statements of company policy and procedure to that effect, can give rise to rights enforceable in contract." *Toussaint, supra,* p 610.

Plaintiffs in this case admitted that they had no contract of employment with defendant. There were no written or oral assurances to them as to job security or length of employment. In fact, the employee handbook specifically provided that employees could be terminated "at any time and for any reason".

Plaintiffs did not testify that they believed defendant needed just cause to terminate an employee. They did testify that, because of experience with others who had been terminated for poor performance or absenteeism, they expected an "exit interview" giving the employee a chance to

tell his or her side of the story. Such an exit interview is provided in the employee handbook. Plaintiffs' entire claim that defendant could only terminate them for just cause rests on this procedure.

Since there is no express agreement to terminate only for cause, plaintiffs can prevail only if statements of company policy and procedures to that effect have given rise to such rights. *Toussaint, supra.* We find no basis for such a conclusion in the present case.

The policy stated in the handbook clearly enunciated an "at will" relationship. Therefore, if plaintiffs are to recover, there must be evidence of a contract implied in fact sufficient to overcome the statement in the handbook that employees could be released for any reason at any time.

"A contract implied in fact arises under circumstances which, according to the ordinary course of dealing and common understanding, of men, show a mutual intention to contract. *In re Munro's Estate* (1941), 296 Mich 80. A contract is implied in fact where the intention as to it is not manifested by direct or explicit words between the parties, but is to be gathered by implication or proper deduction from the conduct of the parties, language used or things done by them, or other pertinent circumstances attending the transaction. *Miller v Stevens* (1923), 224 Mich 626." *Erickson v Goodell Oil Co, Inc,* 384 Mich 207, 211-212; 180 NW2d 798 (1970).

The requirements for an employment contract implied in fact were discussed in *Schwartz v Michigan Sugar Co,* 106 Mich App 471, 477-478; 308 NW2d 459 (1981), *lv den* 414 Mich 870 (1982):

"[A]n employer's conduct and other pertinent circumstances may establish an unwritten 'common law' providing the equivalent of a just cause termination policy.

Rules and understandings, promulgated and fostered by the employer, may justify a legitimate claim to continued employment. *Toussaint, supra,* 617-618, quoting *Perry v Sindermann,* 408 US 593, 601-603; 92 S Ct 2694; 33 L Ed 2d 570 (1972). Nonetheless, a mere subjective expectancy on the part of an employee will not create such a legitimate claim. *Perry, supra.*"

In *Schwartz,* this Court found summary judgment appropriate because plaintiff's claim was based solely on subjective expectations rather than "a common understanding or mutual intent to contract that employment be continuing but for cause". 106 Mich App 478. In *Longley v Blue Cross & Blue Shield of Michigan,* 136 Mich App 336, 341; 356 NW2d 20 (1984), this Court held that "an employee's admission that she knew that she could be dismissed with or without cause logically and legally precludes her from maintaining that she had any expectation, legitimate or otherwise, or termination only for cause".

In the present case, such a contract must be implied, if at all, entirely from the fact that the employer chose to give employees an opportunity to be heard rather than terminate them arbitrarily. Such an opportunity is something that any employee may expect, regardless of the nature of the employment contract. The fact that the employer chooses to codify it cannot, in and of itself, transform the "at will" contract into a contract with a "just cause" termination provision. It is as consistent with one as with the other, and is, therefore, not evidence to justify a legitimate expectation in employees that they had a "just cause" termination provision. That being the only basis for plaintiffs' claim, giving the benefit of every reasonable doubt to plaintiffs, we find no evidence that could create a legitimate expectation

on the part of the plaintiffs that the employer agreed to discharge them for just cause only. Consequently, we are persuaded that defendant's motion for a directed verdict should have been granted.

Reversed and remanded for entry of a directed verdict in defendant's favor.