**Steve Y.C. HO, and Peter Ho & Co., Inc., a Michigan corporation, Plaintiffs,**

**v.**

**GENERAL MOTORS CORPORATION, a Delaware corporation, Les Schoonover, individually, and as a General Motors Corporation Administrator of Purchasing Activity, and Cardinal Glove Company, Inc., a Delaware corporation, jointly and severally, Defendants.**

No. 85–CV–4233–DT.

United States District Court, E.D. Michigan, S.D.

June 23, 1987.

Jon R. Garrett, Garrett & Rogers, Detroit, Mich., for plaintiffs.

William J. Whalen, Gen. Motors Corp., Detroit, Mich., Peter L. Gustafson, Warner, Norcross & Judd, Grand Rapids, Mich., for defendants.

MEMORANDUM OPINION
AND ORDER

WOODS, District Judge.

This matter is before the Court on defendant General Motors Corporation's (GM) Motion for Summary Judgment.

Through a subsidiary, GM assisted plaintiff in the creation of his work glove supply company. From 1970–81, GM awarded plaintiff separate one year contracts to supply gloves. Plaintiff subsequently was not awarded such contracts. Plaintiff claims relief on the theory of promissory estoppel and the alleged breach of an implied-in-fact contract.

## I.

### PROMISSORY ESTOPPEL

By plaintiff's own admission, his claim rests not on a promise that he would be awarded a GM contract, nor does he claim breach of an existing contract for an order. Instead, his claim is that there was a promise to grant him a future right, i.e., the right to bid on a supply contract with GM. (Ho deposition, at 152).

■ Nevertheless, assurances that plaintiff was performing according to standards articulated by a GM employee assigned to assist him do not constitute a promise. Rather, such assurances are a mere affirmation that existing or past contracts were performed according to applicable criteria. Neither assurances, the course of dealing between the parties, nor affirmative acts of assistance by a GM employee constitute a definite promise that plaintiff would be allowed to bid for contracts to supply his product to GM. "An estoppel cannot rest upon an alleged promise which the court cannot discern from the statements made by the defendant." *Motobecane America, Ltd. v. Patrick Petroleum Co.*, 600 F.Supp. 1419, 1422 (E.D.Mich.1985). In the instant case, there is no promise at all and thus the doctrine of promissory estoppel is inapplicable.

## II.

### IMPLIED–IN–FACT CONTRACT

■ Plaintiff's counsel argues that an implied-in-fact contract exists on the basis of the promissory estoppel doctrine. An implied-in-fact contract and promissory estoppel, however, are separate and not interdependent doctrines. Regardless of whether the Court found the concept of estoppel relevant in this case, the allegation of an implied-in-fact contract would require separate analysis.

"A contract implied-in-fact arises under circumstances, which, according to the ordinary course of dealing and common understanding of men, show a mutual intention to contract." *Ford v. Blue Cross*, 150 Mich.App. 462, 466, 389 N.W.2d 114 (1986) (quoting *Erickson v. Goodell Oil Co.*, 384 Mich. 207, 211–12, 180 N.W.2d 798 (1970)).

Where the intention to form a contract is not explicitly manifested by words of the parties, a contract implied-in-fact may exist if its existence may be gathered by implication or from proper deduction from the conduct of the parties, language used or things done by them or other pertinent circumstances surrounding the transaction. The existence of such a contract is usually a question of fact.

*Temborius v. Slatkin*, 157 Mich.App. 587, 596, 403 N.W.2d 821 (1986).

■ Defendant's affirmative acts indicate that plaintiff's reliance on GM for other than the initial assistance of a loan and the advice offered by Mr. Patton had no basis in fact. When the loan was repaid, Mr. Patton was withdrawn and plaintiff was on his own to continue his successful venture. The fact that plaintiff was awarded contracts on an annual basis after submitting bids was not indicative of an implied-in-fact contract, but simply reflected GM's purchasing policy during those years. Subsequently, GM restructured its purchasing policy to reflect national economic trade policies; told plaintiff he would not be likely to receive future contracts; returned a late bid from him in 1981; and returned a 1982 bid as unacceptable. Such conduct reveals that GM

had no intention of entering into a future business relationship with plaintiff.

In *Zimmerman v. Board of Publications of the Christian Reformed Church*, 598 F.Supp. 1002 (D.Colo.1984), the plaintiff alleged the existence of an implied-in-fact contract after entering into a series of contracts for advertisements in a church publication. There the plaintiff pointed to the historic dealings between the parties in claiming that the defendant was obligated to publish its ads. Applying Michigan law, the court rejected the implied contract claim, concluding that the plaintiff had offered no facts showing a mutual intention to contract. Plaintiff in this case similarly alleges that because, historically, he was allowed by GM to bid on and was awarded certain yearly contracts, an implied-in-fact contract exists. He has presented no evidence, however, that GM expressly or impliedly assured him that there would be a continuing contractual relationship between them.

In sum, the facts pertaining to GM's intention vis a vis the plaintiff indicate two business choices: one, to allow plaintiff to bid on a supplier's contract in each of several years with the possible result that the bid would be rejected; and two, to withdraw the privilege to bid on such a contract due to internal changes in purchasing policy. The plaintiff has not shown that his subjective expectations were based on any facts from which a contract may be implied.

### III.

In response to a motion for summary judgment, a plaintiff must allege "specific facts showing that there is a genuine issue of fact." F.R.Civ.P. 56(c).

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,'

since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, —— U.S. ——, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

In this case plaintiff cannot establish required elements to support his theories of promissory estoppel and implied-in-fact contract.

For the above reasons, IT IS HEREBY ORDERED that summary judgment be GRANTED in favor of defendants.

So ordered.