GROW v GENERAL PRODUCTS, INC

Docket No. 107619. Submitted March 6, 1990, at Lansing. Decided July 2, 1990.

David Grow, whose employment was terminated by General Products, Inc., brought an action in the Jackson Circuit Court against his former employer and others. Plaintiff alleged, inter alia, that his discharge was in breach of an employment contract providing for termination only for cause. The trial court, Russell E. Noble, J., granted summary disposition in favor of General Products, finding that there existed no genuine issue of material fact and General Products was entitled to judgment as a matter of law. Plaintiff appealed.

The Court of Appeals *held:*

1. A merely subjective expectancy of continued employment on the part of plaintiff or representations by a former supervisor regarding plaintiff's prospects of continued employment were insufficient to create a jury question as to whether the employment contract was terminable only for just cause. In fact, General Products' policy, as expressed in memorandums addressed and distributed to affected employees, was that employment could be terminated with or without cause.

2. Plaintiff's claim, that General Products' policy regarding termination should not apply to him because he had not received the memorandum, is without merit. An employer may unilaterally change its employment termination policy where, as here, reasonable notice is given and the change is not made in bad faith.

Affirmed.

1. MASTER AND SERVANT — EMPLOYMENT CONTRACTS — TERMS OF
   EMPLOYMENT — DISCHARGE FROM EMPLOYMENT.

An agreement for employment terminable only for cause may be expressed in an oral or written contract, or may arise from an employee's legitimate expectations grounded in an employer's established policies and procedures; however, a merely subjec-

REFERENCES

Am Jur 2d, Master and Servant §§ 27, 32, 45.
See the Index to Annotations under Labor and Employment.

tive expectancy of continued employment on the part of the employee or representations by the employer regarding the prospects of continued employment are insufficient to create a jury question as to whether the employment contract is terminable only for just cause.

2. MASTER AND SERVANT — EMPLOYMENT CONTRACTS — TERMS OF EMPLOYMENT — DISCHARGE FROM EMPLOYMENT.

An employer may unilaterally change its policy of employment terminable only for good cause to one of employment terminable at will as long as reasonable notice is given to affected employees and the change is not made in bad faith.

*Allen Schlossberg,* for plaintiff.

*Best, Schmucker, Heyns & Klaeren, P.C.* (by *Anne L. Heyns*), for defendants.

Before: GRIFFIN, P.J., and WAHLS and BRENNAN, JJ.

GRIFFIN, P.J. Plaintiff appeals as of right from an order granting defendants summary disposition pursuant to MCR 2.116(C)(10) on plaintiff's claim for breach of an employment contract. We affirm.

I

After a thorough review of the record, we find no objective evidence of a policy or an express agreement, oral or written, by the employer in this case (hereafter defendant) that plaintiff would be discharged only for just cause. *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579, 598; 292 NW2d 880 (1980). On the contrary, the only objective evidence of defendant's employment policy is a June 7, 1984, memorandum addressed to plaintiff which expressly states that plaintiff's employment with defendant is pursuant to an at-will contract and that no one other than the president or executive vice president has authority

to establish employment policies or enter into employment agreements:

## MEMORANDUM
### June 7, 1984

To:    D. Grow

FROM: General Products, A Division of Western Capital Corporation

SUBJ: Corporate Policy Re:   Termination of Employment

A relatively recent decision of the Michigan Supreme Court makes it clear that all employees should be aware of the employer's corporate policy regarding termination. This fact combined with the recent change in ownership is the reason for this memorandum. The policy that will be followed by General Products, A division of Western Capital Corporation, is exactly the same as the policy that was always in effect for General Products Corporation.

Any misstatement or omission of information on an employment application or resume' is grounds for dismissal. In consideration of an individual's employment, General Products[,] A Division of Western Capital Corporation, is authorized to obtain any and all information concerning my previous employment and personnel records. Further, the employee releases all parties from all liability that may result from the furnishing of this information.

In further consideration of employment, the employee agrees to conform to the rules and regulations of General Products, A Division of Western Capital Corporation, and acknowledges that his/her employment and compensation can be terminated with or without cause and with or without notice at any time at the option of either the Corporation or the individual. It is understood that absolutely no individual or representative of the employer, other than the President or Executive Vice President, has any authority to enter into any agreement for employment for any specific

period of time or to make any agreement contrary to the foregoing.

/s/ John H. Smith     /s/ Richard M. White

Defendant contends that the above memorandum and like memorandums addressed to all other salaried employees were distributed at a June 7, 1984, staff meeting. Plaintiff, however, denied receiving the memorandum and filed affidavits from some other employees who also claimed not to have received the memorandum.

In opposing defendant's motion for summary disposition, plaintiff relied upon such affidavits and upon his subjective expectation that his employment could be terminated only for just cause. Plaintiff testified in his deposition that his expectation of a contract providing for termination only for just cause came from statements made to him by his supervisor that, "*you have a good future here*" and "you have expertise . . . [you are a] stabling influence . . . *we don't want to lose you*" and "we need people of your caliber here." Plaintiff's claim for a just-cause termination contract is based solely upon these generalized statements allegedly made by his supervisor. Plaintiff admits in his deposition that no express, oral, or written promises were made that his employment would be terminated only for just cause.

II

It is well settled that a mere subjective expectation on the part of an employee is insufficient to create a jury question as to whether an employment contract may be terminated only for just cause. *Schwartz v Michigan Sugar Co,* 106 Mich App 471; 308 NW2d 459 (1981), lv den 414 Mich 870 (1982), *Longley v Blue Cross & Blue Shield of*

*Michigan,* 136 Mich App 336; 356 NW2d 20 (1984), and *Ford v Blue Cross & Blue Shield of Michigan,* 150 Mich App 462; 389 NW2d 114 (1986).

In *Schwartz, supra* at 478-479, this Court affirmed a grant of summary disposition in favor of an employer where the employee's claim for a just-cause termination contract was based upon a subjective expectancy:

> Nonetheless, a mere subjective expectancy on the part of an employee will not create such a legitimate claim. *Perry* [*v Sinderman,* 408 US 593, 601-603; 92 S Ct 2994; 33 L Ed 2d 570 (1972)].
>
> A review of plaintiff's deposition testimony reveals that his claim of an implied contract for continued employment was based on his own subjective expectancy regarding his relationship with the company. Plaintiff based his belief on the fact that the company was originally a closeknit family operation, not known for its high salaries, with virtually no employee turnover. The company, though it had no established sick leave policy, usually paid sick employees for extended periods of time. Further, literature on the company's pension plan indicated that all employees would be eligible unless the particular employee "was injurious or detrimental to the interests of the company." Plaintiff concluded that it was a "foregone conclusion that if you perform your job competently and are an asset to the company, the natural expectation is that you will continue to be employed by the company."
>
> These circumstances do not evidence a common understanding or mutual intent contract that employment be continuing but for cause.

Like the instant case, the plaintiff in *Schwartz* claimed that a just-cause termination contract could be implied from statements made by his superior that the plaintiff had a "terrific future" with the company:

Plaintiff indicated that each year a Mr. Rennert would conduct a salary review. In some years plaintiff's salary increase would keep up with the rising cost of living and in other years it would not. In the bad years, Rennert would be apologetic and say that the company was ready to "take off," *insinuating that plaintiff had a "terrific future" with the company.*

\* \* \*

Plaintiff's deposition testimony made it clear that he felt he could only be discharged for cause not because of any representations or policies promulgated, but because of his own personal belief that an employee doing competent work would be retained as a company asset. Plaintiff considered that "a convenience in almost any company." Such a subjective belief is insufficient to establish a contract implied in fact. Thus, although plaintiff's complaint sufficiently pled a cause of action on this theory, in fact, plaintiff's basis for the claim *is* not the objective circumstances of his employment, but his own personal view of what the law should be. [*Schwartz, supra* at 479. Emphasis added.]

Similarly, in *Dzierwa v Michigan Oil Co,* 152 Mich App 281, 285-286; 393 NW2d 610 (1986), we held that summary disposition was proper when the plaintiff's subjective expectation of continued employment was based upon statements by his supervisor regarding his potential future with the company:

In this case, it is undisputed that plaintiff was not hired pursuant to a written contract. The only established employment policies and procedures before the court neither stated nor implied that plaintiff (or any other employee) could be terminated by defendants only for cause. Plaintiff alleged in his complaint that when he accepted employment with MOC he was led to believe that he could be terminated only for just cause based

upon statements made to him by Smith regarding his level of compensation and benefits, his possible future benefits, a possible future promotion, and the amount of time he should take to learn the business before deciding whether or not to stay with the company. *These were promises of what plaintiff could expect if his employment continued; they were not statements regarding MOC's termination policy.* See *Schwartz, supra,* pp 478-479. [Emphasis added.]

The federal district court in *Triplett v Electronic Data Systems,* 710 F Supp 667, 673 (WD Mich, 1989), has also held that representations made by an employer regarding future benefits and promotions are inadequate to create a jury question as to whether a just-cause termination contract exists:

Plaintiff does not point to any provision in the handbook which assures that discharge will be for just cause only. In fact, the provisions relied on have nothing to do with termination. Rather, plaintiff relies on assurances that good performance will be rewarded by increased earnings and advancement. These assurances are said to negatively imply that only poor performance will lead to discharge.

Plaintiff's argument is not logical and not persuasive. An assurance that good performance will be rewarded simply does not compel the conclusion that mediocre performance will suffice to maintain the status quo and only poor performance will result in discipline. As noted in *Dzierwa, supra,* 152 Mich App at 285-286; 393 NW2d 610, representations regarding potential future benefits and promotions are not related to termination policy. See also *Kay v United Technologies Corp,* 757 F2d 100 (6th Cir 1985); and *Carpenter v American Excelsior Co,* 650 F Supp 933, 936 n 6 (ED Mich 1987). Plaintiff's contrary expectation is not reasonable, is merely subjective, and is insufficient to support the finding of a contractual obligation.

Contractual obligations are founded upon agreement of the parties, *Valentine* [*v General American Credit, Inc,* 420 Mich 256; 362 NW2d 628 (1984)], *supra,* not upon uncompelled negative implications.

We find the above-cited authorities to be persuasive and hold that the generalized statements relied upon by plaintiff are insufficient to establish a jury question on plaintiff's claim for a just-cause termination contract.

III

The second basis of our affirmance rests with the unequivocal statement of defendant's employment policy as specified in the June 7, 1984, memorandum. The memorandum is clear and unambiguous that plaintiff's employment contract "can be terminated with or without cause" and that the president and vice president are the only representatives of the employer with authority to enter into employment agreements.

Plaintiff argues that this unilateral statement by defendant of its employment policy should not apply to him because he did not receive the memorandum. Plaintiff's receipt of the memorandum, however, is not crucial. The Supreme Court in *In re Certified Question (Bankey v Storer Broadcasting Co),* 432 Mich 438; 443 NW2d 112 (1989), held that an employer may unilaterally change its employment termination policy so long as reasonable notice is given. *Reasonable* notification is not necessarily *actual* notification:

While we hold today that an employer may make changes in a written discharge-for-cause policy applicable to its entire work force or to

specific classifications without having reserved in advance the right to do so, we caution against an assumption that our answer would condone changes made in bad faith—for example, the temporary suspension of a discharge-for-cause policy to facilitate the firing of a particular employee in contravention of that policy.

The principles on which *Toussaint* is based would be undermined if an employer could benefit from the good will generated by a discharge-for-cause policy while unfairly manipulating the way in which it is revoked. Fairness suggests that a discharge-for-cause policy announced with flourishes and fanfare at noonday should not be revoked by a pennywhistle trill at midnight. We hold that for the revocation of a discharge-for-cause policy to become legally effective, reasonable notice of the change must be uniformly given to affected employees. [*In re Certified Question, supra* at 456-457.]

In the case at bar, the June 7, 1984, memorandum was distributed to all salaried employees at a staff meeting. Although plaintiff claims he did not receive the memorandum, the method of notification of distributing written memorandums addressed to each employee at a staff meeting is reasonable and evidences no bad faith. *In re Certified Question, supra,* does not require that a proof of service accompany each notification, only that the method employed be uniform and reasonable.

Accordingly, for the dual reasons expressed herein, we affirm[1] the summary disposition granted by the lower court on plaintiff's claim for breach of an employment contract.

[1] Although plaintiff's brief makes reference to a claim for negligent evaluation, the issue is not identified in the statement of questions and is therefore not preserved. MCR 7.212(C)(4). Were we to consider the claim, we would also affirm. *Brewster v Martin Marietta Aluminum Sales, Inc,* 145 Mich App 641, 667-668; 378 NW2d 558 (1985).