MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT’S MOTION FOR SUMMARY JUDGMENT
 

 GADOLA, District Judge.
 

 Plaintiff Ali Freeman is seeking damages and other relief under Michigan law from defendant Unisys Corporation for race discrimination in violation of the Elliott-Larsen Civil Rights Act, breach of implied contract, and false-light invasion of privacy. This action was originally filed in Wayne County Circuit Court, but was subsequently removed by defendant to this court based upon the court’s diversity jurisdiction. Presently before the court is defendant’s motion for summary judgment. Pursuant to Local Rule 7.1(e)(2) (E.D.Mich. Jan. 1, 1992), the court will dispense with oral argument and decide defendant’s motion based on the briefs submitted by the parties.
 

 I. Background
 

 Plaintiff, a former employee of defendant Unisys Corporation, was forced to resign from that company due to his alleged misap
 
 *488
 
 propriation of company property. Defendant’s investigation of the alleged misconduct revealed that plaintiff utilized the Unisys Logistics System to obtain parts for his personal home computer and that he falsified company records to reflect usage of these parts in a customer’s equipment. Plaintiff contends that his attempt to pay for the parts he received resulted in his termination.
 

 In Count I of his three-count complaint, plaintiff contends that all three defendants discriminated against him based upon his race in violation of Michigan’s Elliott-Larsen CM Rights Act, M.C.L.A. § 37.2202. In Count II, plaintiff also claims that Unisys breached an implied just cause employment contract. Finally, in Count III, plaintiff alleges that defendants Holloway and Ebert committed the tort of false-light invasion of privacy when, in the scope of their duties as supervisors of defendant Unisys, they told other Unisys employees and a state employment agency that plaintiff was involved in the misappropriation of company property.
 

 In its December 9, 1994 Order, this court found that no reasonable basis existed for a claim of false-light invasion of privacy or racial discrimination against either Holloway or Ebert. Accordingly, defendants Holloway and Ebert were dismissed as parties to the instant case.
 
 [1]
 

 II. Standard of Review
 

 Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” A fact is material and precludes the granting of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and “would necessarily affect [the] application of appropriate principled] of law to the rights and obligations of the parties.”
 
 Kendall v. Hoover Co.,
 
 751 F.2d 171, 174 (6th Cir.1984) (citation omitted) (quoting Black’s Law Dictionary 881 (6th ed. 1979)). The court must view the evidence in a light most favorable to the nonmovant and draw all reasonable inferences in the nonmovant’s favor.
 
 See United States v. Diebold, Inc.,
 
 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962);
 
 Bender v. Southland Corp.,
 
 749 F.2d 1205, 1210-11 (6th Cir.1984).
 

 The movant bears the burden of demonstrating the absence of all genuine issues of material fact.
 
 See Gregg v. AllerirBradley Co.,
 
 801 F.2d 859, 861 (6th Cir.1986). The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, the burden on the moving party may be discharged by showing that “there is an absence of evidence to support the nonmoving party’s ease.”
 
 Celotex Corp. v. Catrett,
 
 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e);
 
 Gregg,
 
 801 F.2d at 861.
 

 To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in
 
 Anderson v. Liberty Lobby, Inc.,
 
 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986):
 

 [T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant’s] evidence is merely colorable, or is not significantly probative, summary judgment may be granted. (Citations omitted).
 

 See also Celotex,
 
 477 U.S. at 322-23, 106 S.Ct. at 2552 (holding that a moving party is entitled to a judgment as a matter of law
 
 *489
 
 whenever the nonmoving party has failed to make a sufficient showing on an essential element of its case on which it has the burden of proof);
 
 Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
 
 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). In this respect, the standard for summary judgment mirrors the standard for directed verdict under Federal Rule of Civil Procedure 50(a).
 
 Anderson,
 
 477 U.S. at 250, 106 S.Ct. at 2511. Consequently, to defeat a motion for summary judgment, a nonmovant must do more than raise some doubt as to the existence of a fact; the nonmovant must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact.
 
 Lucas v. Leaseway Multi Transp. Serv., Inc.,
 
 738 F.Supp. 214, 217 (E.D.Mich.1990),
 
 aff'd,
 
 929 F.2d 701 (6th Cir.1991). The evidence itself need not be the sort admissible at trial but it must be more than the nonmovant’s own pleadings.
 
 Ashbrook v. Block,
 
 917 F.2d 918, 921 (6th Cir.1990). For the reasons stated below, the court will grant defendant’s motion.
 

 III. Discussion
 

 In its motion for summary judgment, the defendant raises three arguments. In its first argument, defendant contends that plaintiff has no evidence to support his claim of race discrimination. Plaintiff responds that a trier of fact could reasonably find that he intended to pay for the merchandise allegedly misappropriated. In its second argument, defendant asserts that plaintiffs employment was terminable at-will. To rebut this, plaintiff argues that he had an implied contract not to be terminated except for just cause. Finally, in its third argument, defendant claims that plaintiff cannot establish a prima facie cáse of false-light invasion of privacy. Plaintiff, on the other hand, alleges that statements made by employees of defendant regarding plaintiffs misappropriation placed plaintiff in a false light, characterizing him as dishonest. The court will address each of the disputed issues seriatim.
 

 A. Race Discrimination
 

 Plaintiff asserts a claim of employment discrimination under the Elliott-Larsen Civil Rights Act, M.C.L.A. § 37.2202. Plaintiff claims that he was subjected to disparate treatment on the basis of his race when he was forced to resign from Unisys after an investigation revealed that he misappropriated company property for personal use and falsified documents to conceal the misappropriation. In a race discrimination case, the plaintiff bears the burden of proving that his employment was adversely effected by his racial status.
 
 McDonnell Douglas Corp. v. Green,
 
 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1972). To do so, plaintiff must first establish, by a preponderance of the evidence, a prima facie case of discrimination.
 
 Sisson v. Bd. of Regents of the Univ. of Michigan,
 
 174 Mich.App. 742, 746, 436 N.W.2d 747 (1989).
 

 A plaintiff can establish a prima facie ease of discrimination by showing:
 

 (I) that he was a member of the class entitled to protection under the act, and (2) that, for the same or similar conduct, he was treated differently than one who was a member of a different race.
 

 Id.
 
 at 746-47, 436 N.W.2d 747.
 

 In the present case, there is no dispute as to whether Freeman, a black male, is a member of a protected class. Accordingly, he has satisfied the first element of the test.
 

 [II] With respect to the second prong of the test, plaintiff contends that he was more severely disciplined than similarly situated white employees as Unisys management has allowed white employees to similarly “juggle” inventory without retribution. In support of his argument, plaintiff relies on statistical evidence in an attempt to demonstrate that a disproportionate number of blacks, formerly employed by defendant as customer service representatives, have been terminated. In addition, plaintiff attempts to strengthen his position by clearly misrepresenting the answers of Mr. Ebert’s deposition as racially discriminatory.
 

 These conelusory allegations are not indicative of racially disparate treatment and provide no dispositive evidence of any wrongdoing on the part of defendant. Plaintiff openly admits to receiving the parts without paying for them. Furthermore, plaintiff admits that he knows of no white employee who
 
 *490
 
 misappropriated company property who was not subsequently terminated.
 
 [2]
 
 Therefore, plaintiff has failed to demonstrate that he was treated differently, on account of his race, than any another employee similarly situated. As a result, plaintiff has not satisfied the second prong of the test and has failed to establish a prima facie case of racial discrimination.
 

 Plaintiff has attempted to create factual support for his claim by relying on post-deposition affidavits which purportedly demonstrate that his termination was solely the result of the racially discriminatory tendencies of Mr. Ebert. These statements contradict plaintiffs earlier admission, in his deposition, that his termination was the result of his ordering the parts in question without compensating Unisys. “A party may not create a factual issue by filing an affidavit, after a motion for summary judgment has been made, which contradicts [his] earlier deposition testimony.”
 
 Reid v. Sears, Roebuck and Co.,
 
 790 F.2d 453, 460 (6th Cir.1986). Therefore, plaintiff has failed to raise a “triable issue of fact as to whether the proffered reason was a mere pretext” for racial discrimination.
 
 Clark v. Uniroyal Corp.,
 
 119 Mich.App. 820, 826, 327 N.W.2d 372 (1982) concluding that summary judgment is appropriate where plaintiff in a race discrimination ease failed to set forth specific facts to rebut evidence of nondiscriminatory conduct. Accordingly, summary judgment is appropriate.
 

 B. Wrongful Discharge
 

 Plaintiff asserts that there are genuine issues of material fact which preclude summary judgment of plaintiffs breach of contract suit. Plaintiff contends that a legitimate expectation of continued employment, absent a justifiable cause for termination, was created by company policy. In support of this argument, plaintiff relies on a “performance review plan” implemented by Unisys under which an employee whose performance did not meet expectations would be given an opportunity to improve.
 

 Plaintiff admits, through deposition, that the prevailing company policy was one of at-will employment. As an at-will employee, plaintiff could not legitimately have more than a mere subjective expectation of continued employment with Unisys.
 
 See Longley v. Blue Cross and Blue Shield of Michigan,
 
 136 Mich.App. 336, 341, 356 N.W.2d 20 (1984) (holding that an employee’s admission that she knew she could be dismissed with or without cause “logically and legally precludes her from maintaining that she had any expectation legitimate or otherwise, of discharge only for cause.”) Under Michigan law, a “mere subjective expectancy” of for cause termination is insufficient as a matter of law to create a contract.
 
 Jarema v. Olin Corp.,
 
 4 F.3d 426, 429 (6th Cir.1993) (interpreting Michigan law).
 

 The Unisys employment policy regarding termination is clearly defined in “Unisys and You,” dated February 1987. It states:
 

 All employees are employed in an “at will” capacity, which means that either the employee or the Company may terminate the relationship at any time with the understanding that neither party has the obligation to base that decision on any reason other than their intent not to continue the employment relationship.
 

 Thus, absent a contract, plaintiff could be fired for any nondiscriminatory reason. As an at-will employee, “even an arbitrary or capricious termination is lawful.”
 
 See Hernden v. Consumers Power Co.,
 
 72 Mich.App. 349, 356 (1976).
 

 Plaintiff relies on
 
 Toussaint v. Blue Cross & Blue Shield of Michigan,
 
 408 Mich. 579, 292 N.W.2d 880 (1980) to support his argument that, in the absence of a contract, a just cause employment relationship could be established as a result of an employee’s legitimate expectations grounded in an employer’s policy statement. In
 
 Toussaint,
 
 408 Mich. at 598, 292 N.W.2d 880, the Michigan Supreme Court held that:
 

 1) a provision of an employment contract providing that an employee shall not
 
 *491
 
 be discharged except for cause is legally enforceable although the contract is not for a definite term-the term is "indefinite", and
 

 2) such a provision may become part of the contract either by express agreement, oral or written, or as a result of an employee’s legitimate expectations grounded in an employer’s policy statements.
 

 Subsequent decisions by Michigan courts demonstrate that
 
 Toussaint
 
 does not automatically insulate from judicial construction any employment contract for an indefinite period.
 
 Longley,
 
 136 Mich.App. at 340, 356 N.W.2d 20. Under
 
 Toussaint,
 
 the question for determination is whether defendant expressly agreed to terminate only for cause or whether statements of company policy and procedure gave rise to plaintiffs legitimate expectation of discharge only for cause. Due to the express at-will language of “Unisys and You,” and the lack of any dispositive evidence of plaintiffs legitimate expectation of definite employment created by defendant, the court finds that plaintiffs employment was terminable at will.
 
 [3]
 
 Accordingly, summary judgment is appropriate.
 

 C. False Light
 

 In Count III, plaintiff alleges that statements made by employees of defendant, in the scope of their employment, to the Michigan Employment Security Commission (“MESC”) and the individual responsible for decisions concerning plaintiffs employment placed defendant in a false light. Michigan courts have long recognized that an individual has a qualified privilege to communicate to others as to any subject matter in which that individual “has an interest, or in reference to which he has a duty, to a person having a corresponding interest or duty.”
 
 Bacon v. Mich. Cent. R.R. Co.,
 
 66 Mich. 166, 170, 33 N.W. 181 (1887). This privilege has been extended to permit employers to publish even defamatory statements to other employees whose duties interest them in the subject.
 
 Merritt v. Detroit Memorial Hospital,
 
 81 Mich.App. 279, 285, 265 N.W.2d 124 (1978) (noting that “employees responsible for hiring and firing are entitled to hear accusations of employee misconduct which warrant dismissal.”) Michigan law also clearly provides that “any statement made to the MESC in the course of its administrative functions is absolutely privileged and the party making it is immune from suit.”
 
 Gonyea v. Motor Parts Federal Credit Union,
 
 192 Mich.App. 74, 77, 480 N.W.2d 297 (1991);
 
 see also,
 
 M.C.L.A. § 421.11(b). Given Michigan’s statutory grant of absolute privilege, the defendant’s statements to the MESC were not actionable.
 
 [4]
 

 Defendant's statements in this case clearly qualify as privileged. To overcome this, plaintiff must show that the statements were both false and malicious. Bacon, 66 Mich. at 169, 33 N.W. 181. Plaintiff has adduced no evidence to demonstrate that the defendant made any false or malicious publication regarding plaintiffs employment. Moreover, Plaintiff has offered no response, in regard to Count III, to defendant's motion for summary judgment. Accordingly, defendant is entitled to judgment as a matter of law.
 

 ORDER
 

 NOW, THEREFORE, IT IS HEREBY ORDERED that defendant Unisys’ motion for summary judgment is GRANTED.
 

 IT IS FURTHER ORDERED that plaintiff Freeman’s motion for reconsideration of his motion for remand is DENIED.
 

 SO ORDERED.
 

 [1]
 

 . Plaintiffs motion for reconsideration of remand, filed along with plaintiff's answer to defendant's summary judgment motion, is premised on the existence of viable claims against these dismissed nondiverse defendants. Therefore, since the nondiverse defendants Holloway and Ebert were dismissed and plaintiff has presented no new evidence establishing a basis for remand, complete diversity exists and plaintiff’s motion is denied.
 

 [2]
 

 . The unrebutted evidence establishes that six other Detroit District Unisys employees, including five non-minority employees, who misappropriated company property were discharged or, like plaintiff, offered the opportunity to resign.
 

 [3]
 

 . Even assuming plaintiff was a just cause employee, plaintiff's claim fails because Unisys had just cause to accept plaintiff's resignation in lieu of termination when it was determined that he had misappropriated company property and falsified documents to conceal the misappropriation.
 
 See Rush v. United Technologies, Otis Elevator Division,
 
 930 F.2d 453 (6th Cir.1991) (falsification of expense account constituted just cause for employee’s termination).
 

 [4]
 

 . Moreover, any claim by plaintiff that Unisys employees published statements which characterized him as dishonest is undermined by plaintiff's admission during his deposition that he discussed the circumstances of his resignation with numerous Unisys employees.