ALICE M. BATCHELDER, Circuit Judge,
concurring in part and dissenting in part.
I agree with the majority opinion’s conclusion that the district court’s judgment with regard to the First Amendment retaliation claim should be affirmed, but I would affirm the district court’s judgment in its entirety. To begin with, although I agree that the defendants have not definitively demonstrated that the state would be liable to pay any money judgment that the plaintiffs might recover, the responsibility for payment is but one factor—albeit often the weightiest one—we must consider in determining whether 41B District Court is an arm of the state for purposes of 11th Amendment immunity. Here, however, both the Michigan Constitution and Michigan statutory provisions weigh heavily in favor of a finding that 41B is in fact an arm of the state. See Mich. Const. Art. VI, § 1 (Vesting the “judicial power of the state” in “one court of justice” that is divided into several divisions, each devoting its attention to a certain level of judicial administration (emphasis added)); Mich Const. Art. VI, § 4 (Vesting the Supreme Court of Michigan with “general superintending control over all courts ” (emphasis added)); Mich. Comp. Laws § 600.151 (Reiterating Mich. Const. Art. VI, § 1); Mich. Comp. Laws § 600.8101(1) (Establishing one district court for the State of Michigan, and dividing that court into judicial districts “each of which is an administrative unit subject to the superintending control of the supreme court.” (emphasis added)); Mich. Comp. Laws § 600.8221 (Making clear that the local control of district courts is “subject to the supervision of the supreme court”); see also Judges of the 74-th Judicial Dist. v. County of Bay, 385 Mich. 710, 190 N.W.2d 219, 224 (1971) (“Michigan has but one district court. For the administration of the district court, the state is divided into judicial districts.”); Judicial Attys. Ass’n v. State, 459 Mich. 291, 299, 586 N.W.2d 894 (1998) (“Despite the complications of the trial court environment, the case law, taken as a whole, has come to strongly affirm that the fundamental and ultimate responsibility for all aspects of court administration, including operations and personnel matters within the trial courts, resides within the inherent authority of the judicial branch [of the State].”). In light *874 of those provisions, and the case law interpreting them, I would hold that 41B is, as a matter of law, an arm of the state and is therefore immune from suit in federal court, and is not a proper defendant in an action brought pursuant to 42 U.S.C. § 1983. See Will v. Mich. Dep’t of State Police, 491 U.S. 58, 64, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (“[A] State is not a person within the meaning of § 1983.”).
More importantly, I would hold that the plaintiffs did not present evidence from which the trier of fact could conclude that they had a property interest in their employment. “Generally, and under Michigan law by presumption, employment relationships are terminable at the will of either party.” Lytle v. Malady, 458 Mich. 153, 163, 579 N.W.2d 906 (1998). In my view, the plaintiffs demonstrated, at best, that Judge Cannon, as a general practice, utilized a progressive discipline process and likely intended to discharge employees for good cause; they did not present evidence that Judge Cannon in fact had any established progressive discipline formula that he applied or any specific policy governing employee discharge, or that he was—or even believed that he was—actually bound by any such formula or policy. “A lack of specificity of policy terms or provisions, or a policy to act in a particular manner as long as the employer so chooses, is grounds to defeat any claim that a recognizable promise has in fact been made.” Lytle, 458 Mich. at 165, 579 N.W.2d 906.
Nor did the plaintiffs present evidence supporting them claim that they had a legitimate expectation that they could be discharged only for just cause. Even if Judge Cannon did, as plaintiffs contend, adopt the Township’s Disciplinary Action Procedure (“TDAP”), that fact is not sufficient to rebut Michigan’s at-will presumption. Under the TDAP’s progressive discipline process, the employer retains discretion over whether to use the process at all and how to implement the process. Furthermore, by its own terms, the TDAP’s just-cause provisions apply to only civil service and union employees. This means that even if the Court adopted TDAP, 41B’s employees would not have had a legitimate expectation of just-cause discipline because none of them were civil service or union employees. For the plaintiffs in this case to have benefited from TDAP’s provisions, the Court would have had to adopt and modify TDAP’s provisions; at the very least, the Court would have had to make the just-cause provisions apply to non-civil service and non-union employees. But the Court would have had to explain these modifications to its employees, including which portions of TDAP were modified and how the modified provisions would be applied. The record does not contain any evidence that such modifications or explanations ever took place. At best, plaintiffs provided evidence that they had a subjective belief that they would be discharged only for cause, and a subjective belief is wholly insufficient to establish a protected property interest. See Grow v. General Products, Inc., 184 Mich.App. 379, 457 N.W.2d 167, 169 (1990) (“It is well settled that a mere subjective expectation on the part of an employee is insufficient to create a jury question as to whether an employment contract may be terminated only for just cause.”).
Finally, because the plaintiffs have not presented evidence that they had a property interest in their jobs or that they had a legitimate expectation that they could be discharged only for good cause, they have no basis upon which they may be granted prospective injunctive relief against Judge Davis.